Turley, J.
delivered the opinion of the court.
The principle both of the civil and common law applicable to the case under consideration is, “that if a man does what he has a right to do upon his own land, without trespassing upon any law or custom or the title or possession of another, he is not liable to damage for injurious consequences, unless he does it, not for his own advantage, but maliciously; and the damage shall be considered a casualty for which he is not censurable.” 12 Mass. 226, case of Thurston vs. Hancock and others. This principle is recognised by the supreme court of New York in the case of Patton vs. Holland, 17 Johns. 92, where it is said that a person about to erect a house contiguous to another may lawfully sink the foundation of it below that of his neighbor’s house, and is not liable for the damages which his neighbor may sustain in consequence of it, provided it was unintentional, and he had used reasonable care and diligence in digging on his own ground to prevent any injury to his neighbor. In Rolls’ Ab. 965, it is said that “if A, seized in fee ot copy-hold estate next adjoining the land of B, erects anew house upon his copy-hold, and a part is built upon the confines next adjoining the land of B, and B afterwards digs his land so near the house of A (but on no part of his land) that the foundation of the house, and even the house itself, fall, yet no action lies for A against B, because it was the folly of A that he built his house so near the land of B, for by his own act he shall not hinder B from the best use of his own land that he can.”
From these authorities the necessary conclusion is, that every proprietor of land, where not restrained by covenant or custom, has the entire dominion of the soil and the space above and below to any extent he may choose to occupy it, and in this occupation he may use his land according to his own judgment, without being answerable for the consequences to an adjoining owner, unless by such occupation he either intentionally or for want of reasonable care and diligence inflicts upon him an injury.
To apply this principle to the case under discussion: The corporation of Knoxville is the proprietor of the public *408 streets of the town, which are held in trust as easements for the convenience of the citizens. As such proprietor the corporation has the power to grade, M’Adamise, or do any thing else for the improvement of the streets, whereby they may be made to answer the end for which they were designed; and if, in the exercise of this power, the property of any individual shall be rendered less valuable, either by being elevated above or depressed below the common level, it is dam-num absque, injuria, a casualty to which his property is necessarily subject, and for which the corporation is not responsible unless the injury has been inflicted either wantonly or from neglecting to use reasonable diligence and care. Neither of these cases is made out by the proof. The improvement of the street is shown to be highly necessary to the comfort and prosperity of the town, and therefore a duty imposed upon the corporation; the work is proved to have been executed with all care for the rights of the plaintiffs, and as little injury done them as from the nature of the excavation required was practicable.
We are therefore of the opinion that there is no error in the judgment of the court below, and direct its affirmance.