*Woodwokth, I.,
delivered the opinion of the court. The plaintiff alleges, in his declaration, that the defendant, “maliciously intending to injure the plaintiff, and to deprive him of the use and advantage of his messuage, dug up the soil of a certain lot contiguous, whereby the foundation walls were subverted, and a great part of the messuage foundered and fell, and the residue wars greatly broken and shattered.”
At the trial, the defendant moved for a nonsuit, on the ground that, the declaration being founded on the malfeasance, and not the misfeasance, of the defendant, the question of negligence or unskilfulness could not arise; that the declaration was not supported by the evidence, inasmuch as it appeared that the defendant dug on his own ground, which was lawful *88 in itself and it did not appear that the act was done maliciously. The motion for a nonsuit was properly denied.
If the plaintiff’ had stated, in his declaration, that the act was done maliciously, further proof would have been necessary. It would then be a case of malfeasance, an inquiry distinct in its nature from a case where damages are claimed, either on the ground of negligence or unskilfulness, or that the act complained of does, of itself subject the party to damages, although done with the greatest care.
In the exercise of a lawful right, a party may become liable to an action, where it appears that the act was done maliciously.
Suppose Holland had declared, that he would exercise his right of digging on his own ground contiguous to the plaintiff’s wall, not to benefit himself, but for the sole purpose of injuring the plaintiff; and digs, accordingly, below the plaintiffs foundation, but takes care that there be no ground for the charge of negligence or unskilfulness in the exercise of his right: considering himself safely intrenched within the protection of the law, he desists from further operations; his object is accomplished, the adjoining foundation is loosened, and the building materially injured : is there a question, that, in such a case, the party injured would be entitled to recover damages ? The gravamen would, in the case put, arise from the fact, that the act was done maliciously, and testimony falling short of proving that it was so done, *would be insufficient to maintain the action, although it might show a just claim to damages, had the count been differently drawn. In my opinion, the plaintiffs case is not of this character. The allegation, “ maliciously intending,” I do not consider of the essence of the action, or descriptive of the manner of doing the act which occasioned the injury, and it may well be rejected as surplusage, still leaving a good declaration, to support which the proof was competent. In the case of Williamson v. Allanson, (2 East, 452.) Lawrence, J., says, “ with respect to what averments are necessary to be proved, I take the rule to be, that if the whole of an averment may be struck out without destroying the plaintiffs right of action, it is not necefsary to prove it; but otherwise, if the whole cannot be struck out, without getting rid of a part essential to the cause of action; for then, though the averment be more particular than it need have been, the whole must be proved, or the plaintiff cannot recover.” Now, apply this doctrine : if this averment be stricken out, still the declaration is good, and may be supported by proof of negligence or unskilfulness in the manner of doing the act. The plaintiff may declare, as in this case, or according to the precedents ⅛ 6 Term Rep. 411, 7 East, 368, and Hen. Bl. 267, that the injury was done by reason of negligence.
The next and important question is, whether the defendant *89 is liable, on the ease made out at the trial, to damages for the injury to the plaintiffs house: “sic utere tuo, ut alientan non Icedas,” is a maxim admitted to be correct; the extent of its application is to be considered. The plaintiff insists, that, without reference to the question of negligence, the defendant is answerable for the damages. On reviewing the cases, I am of opinion that no man is answerable in damages for the reasonable exercise of a right, when it is accompanied by a cautious regard for the rights of others, when there is no just ground for the charge of negligence or unskilfulness, and when the act is not done maliciously.
Platt v. Johnson and Root, (15 Johns. Rep. 213.) is a case analogous in principle to the present action. It is there decided, that a person erecting a mill and dam upon a stream of water running through his own land, does not, by *the mere prior occupation, gain an exclusive right, and cannot maintain an action against a person erecting a mill and dam above his, by which the water is in part diverted, and he is in some degree injured.
The court say, that the maxim, before stated, “ must be taken and construed with an eye to the natural rights of all. Although some conflict may be produced in the use and enjoyment of such rights, it cannot be considered, in judgment of law, an infringement of the right. If it becomes less useful to the one, in consequence of the enjoyment by another, it is by accident, and because it is dependent on the exercise of the equal rights of others.”
Baron Corny ns lays down the rule generally, that an action on the case does not lie for a reasonable use of one’s right, though it be to the annoyance of another, and he puts the case : “ If a man build a house, and make cellars upon his soil, whereby a house newly built in an adjoining soil falls down.” He refers to 2 Roll. Ab. 565. and 1 Sid. 167. which fully support the doctrine.
In 8 Johns. Rep. 421. (Clarice v. Foot) the court have decided, that if a man sets fire to his own fallow ground, as he may lawfully do, which communicates to, and fires the woodland of his neighbor, no action lies, unless there was some negligence or misconduct in him or his servants.
All these cases go on the ground, that a possible damage to another, in the cautious and prudent exercise of a lawful right, is not to be regarded, and if a loss is the consequence, it is “ damnum absque injuria
The case of Thurston v. Hancock and others, (12 Mass. Rep. 220.) is in point: in that case the plaintiff built a house on his own land, within two feet of the boundary line, and, ten years after, the owner of the adjoining land dug so deep into his own land as to endanger the house; and the owner of the house, on that account, left it, and took it down ; it was holden, that no action lay for the owner of the house, because *90 the defendants having the entire dominion, not only of the soil but of the space above and below the surface, could not be restrained in the exercise of their right, unless by covenant, or ky custom ; that the house in question had not the qualities of an ancient building, so that the plaintiff *could prescribe for privilege of which he had been deprived ; and that a man who builds a house adjoining his neighbor’s land ought to foresee the probable use by his neighbor of the adjoining land.
The case from Roll. Rep. 430, cited by the plaintiff’s counsel, is the only one I have met with which goes the length of supporting this action.
No objection appears to have been taken in that case to the right of action, but only to the form of the declaration ; neither does it appear whether the defendant confined himself, in digging, to his own land. Chief Justice Parker says, “ it seems impossible to maintain that case upon the facts made to appear, without denying principles which seem to have been deliberately laid down in other books equally respectable as authorities.”
The result of my opinion is, that the plaintiff has not shown a right to recover damages in this case, unless it be on the ground of negligence, in not taking all reasonable care to prevent the injury. That is a question of fact which has not been submitted to the jury. They were directed to find a verdict for the plaintiff, for the difference in value of the house before the injury, and afterwards. The charge was incorrect: a new trial must, therefore, be granted, with costs to abide the event of the suit.
New trial awarded.