# PETER E. SPURCK
## *v.*
# ROBERT FORSYTH.

1. FORCIBLE ENTRY AND DETAINER — *requisites of the complaint — averment as to possession.* It is necessary to show distinctly, in the complaint in an action of forcible entry and detainer, that the defendant entered upon the possession of the plaintiff; and in reference to an allegation in respect thereto, the pleading is to be construed most strongly against the pleader.

2. So the averment in the complaint, that on a certain day the plaintiff was in possession of the premises, and that, on the day following, the defendant entered into possession, is not a sufficient averment that the plaintiff was in possession at the time of the alleged unlawful entry.

3. Nor is the complaint aided in that regard by an averment that the plaintiff was, on the day he was alleged to have been in possession, and still is, the owner of the premises. That is not an averment that he was the owner during all the intervening time; and, if it was, it would be immaterial, as this action has nothing to do with ownership.

4. If the possession of the one and the entry of the other had been averred as being on the same day, it would be tantamount to an averment that the defendant entered on the possession of the plaintiff; because, for ordinary purposes, and unless necessary to determine conflicting rights, the law does not note the divisions of a day, and an averment that two things occurred on the same day is, in most cases, to aver that they occurred simultaneously.

5. SAME — *whether the precise day of the entry must be averred and proved.* The precise day of the entry is immaterial, nor is it necessary to prove the entry to have been made on the day named in the complaint.

6. SAME — *averment of ownership — the action is possessory — and herein, of the character of possession required.* An averment of ownership in the plaintiff is immaterial. The action lies for a forcible entry upon an actual possession, and lies as well against the owner as against any other person.

7. The possession need not be by residence, but it must be actual as distinguished from constructive; that is to say, the premises must furnish visible tokens of occupancy, such as fences, buildings or cultivation.

8. AMENDMENT *of the complaint in forcible entry and detainer — discretionary.* Whether an amendment of the affidavit in this action shall be allowed, is in the discretion of the Circuit Court.

APPEAL from the Circuit Court of Peoria county; the Hon. S. L. RICHMOND, Judge, presiding.

This was an action of forcible entry and detainer, commenced by Robert Forsyth against Peter E. Spurck, before a justice of the peace in Peoria county, and removed by appeal into the Circuit Court, where a trial resulted in a verdict and judgment in favor of the plaintiff. The defendant thereupon took this appeal. Pending the trial below, the defendant moved to dismiss the suit on the ground of the insufficiency of the complaint; and whether the objection to the complaint was well taken is the only question presented. It is set forth in full in the opinion of the court.

Mr. H. M. WEAD, for the appellant.

Messrs. WILLIAMSON & McCOY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of forcible entry and detainer brought by Forsyth against Spurck, upon the following complaint:

"Robert Forsyth being duly sworn, according to law, says, that on the 20th day of December, 1859, he was, and still is, the owner of the following described real estate, to wit: Lot five, in block thirty-nine, in Bigelow & Underhill's addition to Peoria, and that on the day and year aforesaid, the said Robert Forsyth was in the actual, peaceable and quiet possession of said premises. And that afterward, to wit, on the 21st day of December, A. D. 1859, Peter E. Spurck willfully, and with force, entered into and took possession of said premises, and now holds the same, willfully and by force, against affiant; and after demand, made in writing, refuses to deliver the possession of the same to affiant, whereby the said Robert Forsyth says, that the said Peter E. Spurck is guilty of a forcible entry and detainer, pursuant to the statute in such case made and provided."

A motion was made in the Circuit Court to dismiss the suit, for the insufficiency of the complaint, and overruled. This decision, among others, is assigned for error.

We cannot hold this complaint to have been sufficient. It alleges that on the 20th day of December, 1859, Forsyth was in the actual possession of the premises, and that on the 21st day of December, 1859, Spurck forcibly entered. There is no averment that Forsyth was in possession on that day, or that Spurck entered upon his possession. By what rule of construction can we hold an averment that Forsyth was in possession on the 20th, to amount to an averment that he was so on the 21st? All the allegations in this complaint may have been literally true, and Forsyth still have had no cause of action. It is true, if a certain state of facts is proven to exist on a particular day, a jury is authorized to presume the same state of facts at a subsequent date, under what writers upon evidence call the presumption of continuance, but the same principle cannot be applied to pleading. If it is necessary for the pleader to aver the existence of a certain state of facts on a certain day, it is not sufficient to aver their existence on a prior day, for the plain reason that nothing is to be presumed in favor of the pleader. His pleading is to be construed most strongly against himself. In the present case, the precise day of the entry was immaterial, nor would it be necessary to prove the entry to have been made on the day named in the complaint. But it was necessary to show distinctly in the complaint that the defendant entered upon the possession of the plaintiff, and this is sought to be done, not by a direct averment of that fact, but by showing that the plaintiff was in possession on one day, and the defendant entered on a subsequent day. If the possession of the one and the entry of the other had been averred as being on the same day, it would be tantamount to an averment that the defendant entered on the possession of the plaintiff, because, for ordinary purposes, and unless necessary to determine conflicting rights, the law does not note the divisions of a day, and an averment that two things occurred on the same day is, in most cases, to aver that they occurred simultaneously. But an averment that the plaintiff was in possession on a particular day, and that at a subsequent day the defendant entered,

cannot be considered as an averment that he entered on the possession of the plaintiff, for *non constat,* that the plaintiff was in possession on the day of the entry. The most that can be said is, that this may be presumed, but being the very ground and *gravamen* of the action, it cannot be left to inference or presumption, but must be stated.

It is said, however, that the difficulty is cured by the averment that Forsyth was the owner on the 20th of December, 1859, and still is the owner. This is not an averment that he was the owner during all the intervening time, but even if it were, it would be immaterial, as this action has nothing whatever to do with ownership, or with the constructive possession which attaches to the ownership of premises in fact vacant. It lies for a forcible entry upon an actual possession, and lies as well against the owner as against any other person. The possession need not be by residence, but it must be actual as distinguished from constructive, that is to say, the premises must furnish visible tokens of occupancy, such as fences, buildings or cultivation. The averment of ownership in this complaint was therefore immaterial.

The counsel for appellee have referred to the case of *Lee* v. *Stiles,* 21 Penn. 504, as an authority in support of this complaint. We do not dissent from the conclusions of the court in that case, but the complaint there stated that the defendant entered upon the land of the plaintiff and put him out of possession, and the court very properly held this to be in substance an averment that the plaintiff was in possession. The case cited in 16 Ohio is in conflict, in principle, with the former decisions of this court, in *Whittaker* v. *Gautier,* 3 Gilm. 443, and *Ballance* v. *Curtenius,* id. 453, and cannot be regarded by us as authority.

These cases in 3 Gilm. also decide that the sufficiency of the affidavit is a jurisdictional question, and in *Whittaker* v. *Gautier,* this court reversed a judgment for the plaintiff because the affidavit was insufficient, although the point had not been made in the court below. Whether in the present case an amendment of the affidavit shall be allowed is in

the discretion of the Circuit Court. The judgment must be reversed and the cause remanded.

*Judgment reversed.*