83  241|
162  165|
54a 658|

# HAZEN & LUNDY

*v.*

# PIERSON & CO.

1. PRACTICE—*trial without similiter.* The *similiter* to a negative plea can be added by the defendant if he chooses, and there is no error in proceeding to trial without it. Going to trial without objection is a waiver of the right to insist upon its being added.

2. SAME—*postponement of trial for absence of party.* Where a defendant is summoned, it is his duty to be present when his case is called for trial, in its order, without further notice; and an affidavit for a postponement of the trial on account of his absence, which shows no just reason for his absence, and fails to show that there are any facts that can be proved by him which can not be by other witnesses, is wholly insufficient.

3. Where a postponement of a trial was asked until a certain hour, to procure the attendance of the defendants as witnesses in their own behalf, and refused, and the trial extended beyond the hour, and one of the defendants arrived after the hour and testified, it was *held* no error in refusing the request.

4. SECONDARY EVIDENCE—*loss of original must be shown.* There is no error in refusing parol evidence of the contents of a letter, when the preliminary proof does not clearly show it is either lost or destroyed, and not in the power of the party to produce it.

5. ERROR *will not always reverse.* Where a verdict is authorized by the evidence and any other would be unwarranted, a judgment on it will not be disturbed for error in the instructions.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. C. L. SHELDON, for the appellants.

Mr. WILLIAM H. BENNETT, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellees against appellants, for goods, wares and merchandize sold and delivered.

Appellants pleaded *non assumpsit,* to which no *similiter* was added, and it is argued that the court erred in compelling appellants to proceed to trial without the *similiter* being

16—83D ILL.

added.   This, although apparently seriously urged, is frivolous, for, as was said in *Gillespie* v. *Smith et al.* 29 Ill. 476, " The *similiter* to a plea of not guilty, or to any negative plea, can be added by the defendant if he chooses to add it, and it is not error to proceed to trial without it.   *Waters* v. *Simpson.* 2 Gilm. 577; *Williams* v. *Brunton*, 3 Gilm. 625; *Stumps* v. *Kelley*, 22 Ill. 140; *Walker* v. *Armour*, 22 Ill. 659."   Besides, when the case was called for trial, the defendants interposed no objection because of the omission to add the *similiter*, and proceeded to trial upon the merits.   This was a waiver of the right to object that there was no issue joined.   *McCully* v. *Silverburgh*, 18 Ill. 306.

When the case was called for trial, the attorney for the appellants filed his affidavit, asking for a postponement of the trial until three o'clock in the afternoon of that day, or until the following morning, on account of the absence of appellants. In this affidavit it is alleged, appellants have a meritorious defense, which is stated, to one-half of the demand of appellees; that appellants' attorney had promised to notify appellants in time to be present at the trial; and that he had given them no notice to be then present, because there were other cases having precedence on the docket, which, he supposed, would prevent its being reached.

The court overruled the motion, and ordered the trial to proceed.

There are at least two good reasons why there is no error in this ruling of the court.

In the first place, the affidavit is insufficient.   It is not shown that any facts can be proved by appellants, if present, which might not be sufficiently proved by other witnesses.   No reason is shown why appellants were not present at the time the case was called.   They had been properly summoned.   The case was not called out of its order on the docket, nor had it been set for trial, by the court, on any other day.   If they had a defense, it was their business to be present to make it when the case was called for trial.   They were entitled to no further

notice after the service of summons, and it was their own folly that they were not present when the case was called for trial.

In the second place, it appears from the record that one of appellants, Hazen, was present, and testified as a witness on their behalf; that he arrived at the court after three o'clock in the afternoon of that day, and so all the time they desired, they, in fact, had, and there was then no reason why the trial should have been further postponed.

On the point urged that the court erred in refusing to allow parol evidence to be given of the contents of a letter alleged to have been written by appellees to appellants, we think it clear the preliminary proof of the loss of the letter was insufficient. Hazen admits that his examination was hasty, and, from the facts he testifies to, it was evidently unsatisfactory to himself. It is not clearly shown that the letter is either lost or destroyed, nor that it was beyond appellants' power to produce it.

We have carefully examined the evidence, and think it clearly sustains the verdict.

We are not inclined to think the objections taken to the instructions tenable; but, even if they were, since the verdict is authorized by the evidence, and any other verdict would have been unwarranted, the error could not be allowed to avail to the disturbance of the judgment.

The judgment is affirmed.

*Judgment affirmed.*