### CHARLES C. COMSTOCK v. CHARLES P. McEVOY.

*Variance—Technical irregularities—Mechanic's lien.*

1. Such a variance in the caption of a demurrer or other unsworn pleading or paper as to call the court in which it is filed "The Superior Court of the city of Grand Rapids," when it should be "The Superior Court of Grand Rapids," is of no consequence when there can be no doubt what court is meant.

2. Technical regularity is required in a pleader who objects to a mere technical irregularity.

3. A motion to strike from the files is the proper proceeding for getting rid of a defective demurrer; it is not good practice to move that it be not heard.

4. One who seeks to enforce a mechanic's lien for material furnished is required by statute to file an affidavit of the amount due within thirty days after furnishing the material, and also proof of service of notice of the lien. If he does not, it is provided that the lien shall cease as to all persons except the owner of the premises. It is further provided that the lien shall not continue more than sixty days *after the filing of the affidavit* of amount due, unless proceedings to enforce the lien have been begun. *Held,* that if no affidavit is filed at all, the lien will be lost after ninety days have passed since the material was supplied.

Appeal from the Superior Court of Grand Rapids. (Parrish, J.) Oct. 26.—Dec. 21.

Mechanic's lien.    Petitioner appeals.    Affirmed.

*Comstock & Rogers* for petitioner.

*Henry P. Fallass* and *Charles W. Fallass* for defendant.

GRAVES, C. J.    On the 29th of November, 1882, Comstock filed his petition under the provisions for enforcing mechanics' liens (Comp. L. ch. 215, as amended by Act 258 of the session of 1879) [How. St. ch. 290] on the equity side of the Superior Court of Grand Rapids.    It was ordered to be presented on the 9th of December.    December 6th an amendment was filed, and on the same day the petitioner took a subpœna to answer, returnable in twenty days from the 18th of December.    It was teste'd in the name of the judge of " the Superior Court of Grand Rapids, at the city of Grand Rapids," and was served the same day.    January 6, 1883, the defendant entered his appearance by solicitor and required service of a copy of the petition.    January 30, 1883, the defendant put in a general demurrer.    It was headed as follows :    " STATE OF MICHIGAN—THE SUPERIOR COURT OF THE CITY OF GRAND RAPIDS—*Charles C. Comstock, petitioner v. Charles P. McEvoy, defendant.*"

The petitioner thereupon gave notice that on the 28th of April he would " call up in said court for disposition a certain paper writing purporting to be a demurrer," etc., " which writing had found a place in the files of the Superior Court of Grand Rapids in chancery," in the " cause of *Charles C. Comstock v. Charles P. McEvoy.*"    April 30th the following order was made :    " This cause being brought on before the court upon *objections on the part of said petitioner to the hearing* of a certain demurrer on file herein, for the reason *that said demurrer is not entitled in this court,* and counsel having been heard for the respective parties,—Everett D. Comstock, of counsel for said petitioner, in support of said objections, and Henry B. Fallass, of counsel for defendant, in opposition thereto,—and due deliberation being thereon had.    Thereupon it is ordered, adjudged and decreed, and this court doth hereby order, ad-

judge and decree, that said objections are not well taken, and
that said demurrer is sufficiently entitled in this court, and
that said defendant is entitled to be heard thereon; where-
upon it is ordered that the hearing on the said demurrer do
now proceed." May 3d the court allowed the demurrer
with costs. The order made no provision in terms for dis-
missing the petition, but it seems to have had the effect to
put an end to the proceeding. So both parties have regarded
it. The petitioner appealed, and stated in his claim that he
appealed as well from the order of April 30th as from that
of May 3d dismissing his petition.

The objection that the caption of the demurrer was erro-
neous, because in giving the style of the court three super-
fluous words were inserted, is the merest technicality. When-
ever a party proposes to hold his adversary to the utmost
strictness in a matter of practice he virtually demands the
application of the same stringent rule to himself, and if he
would take advantage of a harmless deviation he must be cer-
tain that his steps therefor are absolutely faultless. The rule
is here applicable. If the inaccuracy pointed out was suffi-
ciently serious to be made the object of a motion, it was not
perfect practice to move that the demurrer should not be
heard. It was not precisely regular to ask for such relief.
The proper application was to have the demurrer taken off
the files. The assumption to deal with it differently was,
technically speaking, an implication that it had a place in
the cause, and if it had the court could not regularly disre-
gard it. But the objection had no merit under any view.

Had the variance appeared in an affidavit or in some other
sworn paper, and where it would be possible for questions
to arise under the law against perjury, it may be that the
matter would stand on more important reasons than any
which exist now. The paper was an unsworn pleading.
There was no ambiguity. There was no halting between
two courts. The court described was the very same court
from which the subpœna emanated. The laws creating the
courts are public, and we know that Grand Rapids has only
one Superior Court and that it is a municipal court; and

virtually, as styled by the demurrer, "the Superior Court of the city of Grand Rapids." The added words did no harm. No one could be misled and the court might well consider them as surplusage. With great propriety they might have been stricken out.

Passing to the causes of demurrer we have no occasion to notice more than one, and that is that in the case stated by the petition, the supposed lien had become extinct several months before the petition was filed. The basis of the lien was the furnishing of lumber for respondent's building.

The statute regulating the subject provides—*first*, that the claimant must file in the office of the register of deeds the notice specified in Comp. L. § 6790 [How. St. § 8378] and serve a copy; *second*, that within thirty days succeeding the furnishing the material he must make an affidavit of the amount actually due him over and above all set-off, and for which he claims such lien, and file it in said office, and at the same time file therewith proof by affidavit of due service of the notice of lien on the other party. But immediately following this emphatic requirement we find a clause which looks to a non-compliance with it, and undertakes to determine what shall be the effect. The words are "and unless such affidavits are so filed such lien shall cease and determine as to all persons *except* as to such owner, part owner, lessee, or person holding under any land contract or otherwise." *Third*. Then comes another section, which declares positively that the lien shall not continue more than sixty days after the filing of the foregoing affidavit of amount due, unless proceedings have meanwhile been commenced for the enforcement of the lien. See Pub. Act No. 258 of 1879.

It appears from the petition that the claimant's debt was due and payable on the 8th of April, 1882, and that the lumber which formed the consideration was furnished prior thereto. And we have seen that this proceeding was not commenced until November 29th, or nearly eight months afterwards. Neither of the affidavits provided to be filed has been made. And this fact, it is claimed on the part of

the petitioner, takes the case out of the operation of the sixty-day clause altogether, and confers perpetuity on the lien as between the original parties.

This is not a correct construction.   No doubt all parts of the statute are to be consulted, and as far as may be harmonized, and every clause be so interpreted, if practicable, that it may have some real efficiency.   If the thirty-day clause stood alone, it may be admitted that the effect would be to allow the claimant to withhold the affidavit and maintain his lien indefinitely against the debtor, or at least for the period allowed by the general statute of limitations.   But the case is changed by the addition of the second provision. There the terms are positive.   No discretion to the claimant is given or implied.   True, the language is not as guarded as it should have been, but the sense is not fairly doubtful. The design is not hard to discover.   The period of sixty days is fixed unconditionally.   But according to the verbiage of the statute the days are to be counted from the filing of the affidavit, although, according to the words of the provision for that proceeding, the claimant may always, as in this case, omit to file the affidavit entirely.   If the letter of the law is adhered to, the claimant may elect, in virtue of the prior clause, to make no affidavit, and thereby deprive the sixty-day period of any time to begin, and thus practically destroy it.

This sixty-day-provision was designed to protect the debtor or party sought to be charged, and it was not intended that the claimant should have the option to say whether it should or should not have substantial operation. The purpose was to prescribe a positive limit beyond which no proceedings could be newly commenced.   But according to the argument in favor of the petition, the position of the claimant is just what it would be if this provision had not been inserted.   It includes a permission to him to render it futile, and in so doing to perpetuate his hold upon the debtor's realty indefinitely or until cut off by some extrinsic provision.   This brings the matter to a result which is most evidently untenable.   Further reasons are at hand, but it is scarcely necessary to present them.

The provision in question confers no discretion on the claimant, and he is not invested with any dispensing power. The sixty-day period must run whether he files the affidavit or not. If he does file it, the sixty days will begin then; if he does not file it, it may be ascertained and allowed by going back to the time of the furnishing the materials, and including ninety days therefrom. In that case the two periods may be combined, and the essence of the provision will be preserved.

The conclusion is that the lien had ended before the petition was filed, and that the decision of the court below was correct and should be affirmed with costs.

The other Justices concurred.