# Oates *v.* Clendenard.

*Action on Stated Account; Plea of Misnomer.*

1. *Bill of particulars, as waiver of plea in abatement.*—The right to file a plea in abatement is not waived by a previous demand for a bill of particulars.—Code, § 2670.

2. *Misnomer.*—The variance between the names *Clendenard* and *Clendinen* is sufficient to support a plea in abatement on the ground of misnomer.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

[Oates v. Clendenard.]

J. G. COWAN, for appellant.—The demand for a bill of particulars was a waiver of the misnomer.—Bac. Abr., *Misnomer (E)*; 1 Saund. Pl. & Ev., mar. 47–8; *Price v. Harwood*, 3 Camp. 108; *Bass v. Clive*, 4 M. & S. 13; *Haley v. State*, 63 Ala. 89; *Miller v. State*, 54 Ala. 155.

STONE, C. J.—The complaint and summons in this case each describes the defendant as J. A. *Clendenard*, and the suit is against that name. The defendant pleaded in abatement, that his name is *Clendinen*, and by that name he has always been known and called, and that he has never been known or called by the name of *Clendenard*. There is no other plea shown in the record. It is not directly shown whether the plaintiff demurred to this plea, took issue on its averments of fact, or in what manner the issue was raised upon it. The plea of misnomer, it is shown, was filed in time. The judgment-entry is as follows; "Came the parties by their attorneys, and upon consideration it is adjudged, that the plea in abatement be, and the same is hereby sustained." There was then judgment that defendant go hence. The implications from this language are, that this judgment was pronounced on an issue of law; and such issue is ordinarily raised by demurrer.

There is, however, a bill of exceptions in the record, which contains the following statement: "On the consideration of the plea in abatement filed in this cause, it was shown to the court that a bill of particulars, under section 2670 of the Code, was demanded of plaintiff by J. A. Clendinen, on whom process was served, and being the party filing the said plea in abatement; and said demand was in the time allowed for pleading, and before filing said plea." This recital shows that testimony was adduced, and is inconsistent with the idea that the sufficiency of the plea was tested on demurrer. If there was anything in the objection, it is probable it should have been raised on motion to strike the plea in abatement from the file.—*Haley v. State*, 63 Ala. 89. We will treat this question as if it were properly raised in that form.

We do not think the demand of a bill of particulars should be held a waiver of the defense of misnomer. That notice was not a plea, nor in any sense a defense on the merits. It was, at most, a step, preparatory to defense, should the same become necessary under the rulings of the court on the plea in abatement. Counsel could not know what would be the fate of his plea; and if there was a meri-

[Mobile Savings Bank v. McDonnell.]

torious defense, it would certainly be the dictate of prudence to be prepared to make it. The notice in this case is not like a demurrer, plea to the merits, or other step taken, or ruling of the court invoked, which would be an admission that the defendant was rightly in court. A notice to produce, or to furnish a bill of particulars, might become material on the trial of an issue formed on the plea of misnomer.

The variance in name, pleaded in this case, is certainly substantial, and justified the ruling of the Circuit Court. *Munkers v. State, ante,* p. 94, and authorities cited.

Affirmed.