LOCHREN, District Judge
(orally). This is the first case of the kind that has come before me, and comes under a branch of the law with which I am not entirely familiar, so far as an examination of decided cases is concerned. The law provides, and properly, that, when an author has expended his time and talent upon a book, his property right in it is one which the law will protect against any one who attempts to avail himself of the results of the author’s labor. This rule applies, as I understand the law, to books written by an author, of which the forms of expression are his own, and the result of his own research and thought, and also to compilations of the works of other parties upon a common subject. To that extent, there is no doubt that extracts from works of others, combined so as to add to the value of a book, become properly the subject of copyright. Many books, after having labor of that kind expended upon them, become much more valuable than before they were so treated. Lawyers are familiar with such books; Saunders’ Reports, for instance, as they came from the hands of the author, were of little value until they were enriched by the notes of Serjeant Williams, when they became of great value to the profession. The same may be said of Phillips on Evidence, which was really a book of but little value as-it was issued by the author, but when there was added to it Cowen & Hill’s notes it became one of the most valuable works on the subject of Evidence published at that time. There is no doubt that the authors in these or similar cases are entitled to copyright to preserve to themselves the benefits resulting from their labors. The case of Lawrence v. Dana was referred to by counsel in their argument, from which I understand a new edition of Wheaton’s International Law was annotated by Mr. Lawrence, and afterwards a later edition of the same was gotten out by Mr. Dana. It was claimed, and seems to have been established, that the latter used the labor and thought of Mr. Lawrence in aid of his own work, and it was held that Dana had infringed the copyright of Lawrence.
*388 Now, in the case that we have before us, works upon Pleadings,— especially where each is a reproduction of the work of an older author (both of these books being a reproduction of the work of Stephen on Pleading, and professedly claiming to bring that work down to’ the present time), there is little room for original literary work. It is rather the work of an editor, compiling, in connection with the original work, new rules which have since grown up through the decisions of the courts, exceptions to the old rules, and notations as to things which have become obsolete in matters of practice, from changes in the practice of the courts. But, while this may be merely the work of an editor or compiler, there is no question that, in producing a work of this kind, such changes, additions, and explanations can be made and added as would make a book of far greater value than the original, and that such new matter would be the subject of copyright.
It seems that about the same time these two publishing houses, without any consultation, and without the knowledge of each other’s intention, set about and acted upon substantially the same idea, to' wit, putting upon the market the work of Mr. Stephen on Pleading, carried down to the present time, and that each employed its own men to prepare that work. The result of this employment was the first edition of Shipman by the defendant, and the edition by Mr. Andrews published by the plaintiff. Almost immediately after these two books came out, a new edition was commenced and prepared by Mr. Clark for the defendant. The complaint is that in the second edition Mr. Clark absorbed, or made illegal and improper use of, the work of the edition of Stephen which had been prepared by Andrews, as the plaintiff’s book. There is no objection, and there could be none, to editions of this kind being issued by either of these publishing houses, and one company could not restrain the othefrom issuing a work of that kind; but neither would have the right to use the work and labor of the other. In this case it is claimed that the defendant did use and reproduce the work and labor of plaintiff’s editor, Mr. Andrews.
It is admitted that the book issued by plaintiff was used by defendant’s editor, to some extent, in preparing the second edition of defendant’s book. It is also admitted, as I understand it, that, as far as the original text of Stephen is concerned, the same was cut, to a certain extent, from plaintiff’s edition, and used as copy by defendant, but it is denied that any substantial use was made of Andrews’ book any further than that. Of course, plaintiff could have no copyright upon this text of Stephen as it was embodied in plaintiff’s book; and I do not understand that the use made of it by defendant, as I have described it, is complained of. It is also admitted by the affidavit of defendant’s editor that he got the idea of adding to his work certain matters upon the subjects of Forcible Entry and Detainer, Writ of Entry, and Trespass to Try Title, which were subjects not treated of in the old treatise of Stephen, by perusing the plaintiff’s book; and that it occurred to him, from seeing these .subjects there treated of, that it would be well to have something *389 in his second edition upon those subjects. He says that he did thereupon insert in his second edition some subjects of the law and practice under those subheads. I do not understand that it is claimed that he had not a perfect right so to do. The mere fact that Mr. Andrews has added, to matters treated by Stephen, these other subheads, would not prevent any other publisher from taking the same course. But the latter would not have the right to reproduce or copy the matter which Mr. Andrews had inserted in his book,—to take it from that, and transfer and reproduce it in his own book. I do not understand there is any claim that he did so. There have been no resemblances pointed out to me, indicating that there was such a transfer from one book to the other. It is true, the idea of treating these subjects was obtained from Mr. Andrews’ book, but I do not think it is claimed that the defendant appropriated any of the treatment of those subjects made by Mr. Andrews; that is, that he took any of such matter and inserted it in his own book.
The matter comes down really to the question of taking the authorities in one book, and inserting them in the other. Ho case has-been pointed out to me, and I do not think one exists, as far as I have been able to observe by an examination of the books, where sentences have been transferred from one book to the other; but complaint is made that, on the same subjects, references to text-books- and reports were taken from plaintiff’s book and inserted in defendant’s second edition, and that this is an invasion of the plaintiff’s-copyright. It would certainly be impossible, in treating of the different rules of pleading, and the exceptions to those' rules, their extent and limitation, not to express the same ideas, though probably in different language; for the same ideas would have to be expressed in both books, especially where the same original work was taken as a basis of those two books. That could not be avoided. The authorities upon which these rules and the exceptions and limitations rest would naturally be the same, and different authors treating the subject would ordinarily refer to the same authorities, if they made the same research. Therefore it is not a matter of surprise to find the same authorities cited to substantially the same proposition. It is claimed, on account of the fact, which is doubtless true, that about a dozen of these authorities occur in which the same errors appear in both of these books, that these citations were copied, without any examination of the original authorities, from Mr. Andrews’ to the defendant’s book. In the course of the argument, my attention has been called to many more of such cases, in which it appears that there must have been further research made by Mr. Clark, even if he obtained these references from the plaintiff’s book, for the reason that in many of these instances he quotes an additional book where the citation may be found. For instance, where Mr. Andrews’ book gives the American Decisions as his authority, Mr. Clark gives the citation in the original reports where the case may be found. There is also another class of cases where the same reports appear in the series published by the West Publishing Company, such as the northeastern and northwestern and other Reporters, and in many of these cases Mr. Clark has added to the original reference the page and *390 volume of these Reporters where the.case may be found. So there is this evidence, as far as it goes, that those cases were not just simr ply copied from Mr. Andrews’ work, but that there was further work and labor expended upon them by Mr. Olark. How far, perhaps, we cannot tell, but certainly to the extent of ascertaining and showing whether these cases in the original reports were in other publications, or in the West series, and of making the notations accordingly. The number of cases in which it is claimed there is proof that these authorities were taken from Mr. Andrews’ book becomes small. In. some of them, of course, the mistakes may have been obtained by reference to another authority in which the same mistake occurs; and, as suggested, they may have been taken from Mr. Andrews’ book, and, after being examined in the original reports, the mistake may have been overlooked and not corrected.
The question, upon the whole case, is whether there has been such an appropriation of the work of Mr. Andrews as to injure the plaintiff in this case to such an extent that the sale of defendant’s book should be restrained by an injunction. After full and careful consideration of the whole case, I do not come to that conclusion. It seems to me that this injunction ought not to be granted, and the motion will be denied.
List of Errors Referred to in Andrews’ Affidavit.
The following errors, common to both Andrews’ Pleading and the Second Edition of Shipman’s Pleading, are referred to in the affidavit of Mr. Andrews. Each error is followed by an explanation in behalf of the defendant. The explanation in each instance is based upon the affidavit of Mr. Clark, together with such additional suggestions as seem pertinent upon a further comparison of the books in controversy.
1.
Davis v. Easley, 13 Ill. 192 Ship. 111, n. 305
for
Davis v. Easley, 13 Ill. 192 Andr. 58, n. 6
Error. None.
Explanation. The report of the case begins on page 192.
See Clark’s affidavit, page 9.
2.
Morris v. Graves Ship. 164, n. 48
for
Norris v. Graves Andr. 143, n. 3
Error. Morris for Norris.
Explanation. Andrews cites Oates v. Clendenard, 87 Ala. 734.
Shipman cites three cases not cited by Andrews.
Shipman cites Oates v. Clendenard, 87 Ala. 734, 6 South. 359.
Andrews cites twenty eases not cited by Shipman.
See Clark’s affidavit, 13.
*391 3.
Roberts v. Moore, 5 Term R. 488 Ship. 165, n. 52
for
Roberts v. Moon, 5 Term R. 487 Andr. 139, n. 1
Error. Moore for Moon.
Explanation. Correct citation is page 487.
Shipman cites three cases not cited by Andrews. Andrews cites six cases not cited by Shipman. See Clark’s affidavit, 13.
4.
Whittaker v. Izod, 2 Tannt. 114 Ship. 174, n. 75
for
Whitaker v. Izod, 2 Taunt. 115 Andr. 160, n. 4
Errors. 114 for 115.
“tt” for “t. ”
Explanation. 2 Taunt, cites 114 in the index.
2 Taunt, cites 114 in the table of cases.
2 Archb. Frac. (Is38) 170, cites 114.
Archb. Frac. (1S40) 1023, cites Whittaker.
See Clark’s affidavit, 9.
5.
Hazen v. Lundy, 83 Ill. 241 Ship. 259, n. 2
for
Hazen v. Pierson, 83 Ill. 241 Andr. 150, n. 1
Error. Lundy for Pierson.
Explanation. Andrews cites Shaw v. Redmond, 11 S. & R. 277.
Shipman cites Shaw v. Redmond, 11 Serg. & R. (Pa.) 27.
The correct page is 27.
Andrews cites Everett v. DeGroff, 1 Cow. 213.
Shipman cites Everitt v. DeGraff, 1 Cow. (N. Y.) 213.
Correct citation should be Everitt v. DeGroff, 1 (N. Y.) 213.
Andrews cites Whiting v. Cochran, 9 Mass. 533.
Shipman cites Whiting v. Cochran, 9 Mass. 532.
The report of Whiting v. Cochran begins on page 531.
Andrews cites Gillispie v. Smith, 29 Ill. 476.
Shipman cites Gillespie v. Smith, 29 Ill. 476.
Gillespie v. Smith is the correct title.
Gillespie v. Smith begins on page 473.
See Clark’s affidavit, 14.
6.
Herlakendeu’s Case Ship. 321, n. 164,165
for
Herlakenden’s Case Andr. 275, n. (z) & (a)
Error. “u”for“n.”
"Explanation. Cited from the original note of Stephen.
Andrews cites (u. 1, page 275) four cases not cited by Shipman. See Clark’s affidavit, 11.
7.
Arlett v. Ellis, 7 Taunt. 346 Ship. 344, n. 24
for
Arlett v. Ellis, 7 Barn. & C. 346 Andr. 296, n. 1
Error. “ Taunt. ” for “ Barn. & C. ”
Explanation. Chitty, 567, n. (y) cites Taunt.
2 Saund. Pl. & Ev. part I, 659, cites Taunt.
Shipman cites Osborne v. Rogers. 1 Saund. 267; Id. 268, n. 1; Id. 269, n. 2. Andrews (n. y) only cites 1 Saund. 268, n. 1, 269, n. 2.
Shipman cites seven cases not cited by Andrews.
Andrews cites one case not cited by Shipman.
See Clark’s affidavit, 9.
*392 8.
Fenton v. Holland, 17 Johns. 92 Ship. 355, n. 18
for
Panton v. Holland, 17 Johns. 92 Andr. 305, n, I
Error. “ e ” for “ a. ”
Explanation. Shipman cites Executors of Qrenelefe, Dyer, 42b.
Andrews (n. d) cites Executors of Qrenelife, Dyer, 42b.
Correct citation is Executors of Qrenelife, Dyer, 42a.
Andrews cites Comstock v. McEvoy, 52 Mich. 324.
Shipman cites Comstock v. McEvoy, 52 Mich. 324, 17 N. W. 931.
Andrews cites six cases not cited Shipman.
Cited Patten v. Hollam in 43 Barb. (N. Y.) 409.
Cited Pautan v. Holland in 4 Rob. (N. Y.) 467.
Cited Parton v. Holland in 45 Mo. 372.
See Clark’s affidavit, 10.
9.
Gaffney v. Colwell, 6 Hill (N. Y.) 567 Ship. 357, n. 24;
for
Gaffney v. Colvill, 6 Hill (N. Y.) 567 Andr. 307, n. 2
Error. Colwell for Colvill.
Explanation. Cited to a different legal proposition.
See Clark’s affidavit, 11.
Shipman cites five cases not cited Andrews.
Andrews cites three cases not cited'by Shipman.
10.
Ferguson v. Meredith, 1 Wall. 25 Ship. 357, n. 24
for
Clearwater v. Meredith, 1 Wall. 25 Andr. 307, n. 2
Error. _ Ferguson for Clearwater.
_ Explanation. Cited Clearwater in the Co-operative Edition of the Supreme Court Reports. See Digest, 1209, and indexed citations.
Shipman cites Robinson v. Rayley, 1 Burrows, 316.
Andrews (n. 1) cites 1 Burr. 320.
Shipman cites six cases not cited hy Andrews.
Andrews cites-three cases not cited by Shipman.
See Clark’s affidavit, 10.
11.
Watrisr v. Pierce, 36 N. H. 236 Ship. 374, n. 68
for
Watriss v. Pierce, 36 if. H. 232 Andr. 318, n. 1
Error. _ 236 for 232.
_ Explanation. Cited Watrisr in Shipman, Watriss in Andrews.
Report commences on page 232.
Opinion commences on page 236.
Cited 236 in Shipman, First Edition, 265.
Cited 236 in Shipman, Second Edition, 374, 456.
Cited 232 in Shipman, Second Edition, 370, 424.
Cited 236 in Chitty (16th Ed.) 236, 566, 588, 680.
Cited 236 in 18 Amer. & Eng. Encyclopedia of Law, 572»
Andrews cites four cases not cited by Shipman.
See Clark’s affidavit, 10.
*393 12.
Miliken v. Jones, 77 Ill. 372 Ship. 374, n. 68
for
Millikin v. Jones, 77 Ill. 372 Andr. 318, n. 1
Error. Miliken for Millikin.
Explanation. Andrews cites four cases not cited by Shipman.
Andrews alleges that the case does not support the text. The text is to the effect that “it is necessary, as we have seen, to obtain the leave of the court to make use of several matters of defense, the application for leave being addressed to the discretion of the court. ”
The second paragraph of the syllabus to the case cited reads as follows:
“2. Where a defendant, after filing the general issue, and the continuance of the cause, discovers that he has a substantial defense not admissible under the general issue, he should, at the earliest_ convenient day, ask for special leave of the court to file an additional plea, so as not to take the plaintiff by surprise or delay the business of the court. ”
This case will be found digested in Kinney’s Illinois Digest, pp. 2228, 2229, 2232.
See Clark’s affidavit, 10.
13.
Clay Fire Insurance Company v. Wusterhausen for Ship. 374, n. 68
Clay Fire and Marine Insurance Company v. Wusterhausen . Andr. 318
Error. “And Marine” omitted.
Explanation. Shipman, 336, includes “and marine.” Andrews, 293, omits “andmarine.”
See Clark’s affidavit, 12.
14.
Childs v. Wescott Ship. 411, n. 96
for
Childes v. Wescot Andr. 350, n. m
Error. Childs for Childes.
Wescott for Wescot.
Explanation. Cited from the original note of Stephen.
Cited Childs v. Wescot in 2 Cro. Eliz. 470.
Cited Childes v. Wescot in 2 Cro. Eliz. 482.
Cited Child v. Westcot in 14 Vin. Abr. 479.
Cited Child v. We-steoat in 23 Vin. Abr. table of cases. Cited Childes v. Westcot in Stephen (Heard) 314.
Cited Childs v. Westcot in Stephen (Heard) table of cases. See Clark’s affidavit, 12.
15.
Wyat v. Alaud, 1 Salk. 324 Ship. 449, n. 1; 450, n. 5
for
Wyat v. Aland, 1 Salk. 324 Andr. 381, n. e; 382, n. h
Error. A laud for A land.
Explanation. Cited from the original note of Stephen.
Shipman (449) cites Siblay v. Brown, 4 Pick. (Mass.) 137.
Andrews (381, n. 1) cites v. Brown, 4 Pick. 137.
Shipman (450, n. 6) cites Rex v. Stevens, 5 East, 255.
The case should be cited Sibley v. Brown, 4 Pick. (Mass.) 135.
Shipman (450. n. 5) cites Sibley v. Brown.
Andrews (382, n. h) cites King v. Stevens.
See Clark’s affidavit, 10.
*394 16.
Mauser's Case, 2 Coke, 3 c... ( 450, n. 7 for ShlP- ] 451, n. 9
Manser's Case, 2 Coke, 3 Andr. 383, n. 1.
Error. Mauser for Manser,
Explanation. Cited from the original note of Stephen.
Andrews cites Devaston v.
Shipman cites (n. 7, 450) Dovaston v. Payne, 2 H. Bl. 530.
Correct citation is Dovaston v. Payne, 2 H. Bl. 527.
See Clark’s affidavit, 11.
17.
Spencer v. Sonthwick, 9 Johns. 313 Ship. 456, n. 24
for
Spencer v. Southwiek, 9 Johns. 314 Andr. 386, n. 1
Error. 313 for 314.
Explanation. Cited 313 Chitty, 566, n. (f).
See Clark’s affidavit, 13.
cites nine cases not cited Andrews.
18.
Mishner v. Granger, 4 Gilm. (Ill.) 78 Ship. 456, n. 24
for
Misner v. Granger, 4 Gilm. (Ill.) 69 Andr. 386, n. 1
Errors. 78 for 69.
Mishner for Misner.
Explanation. Report commences on page 69.
Opinion commences on page 73.
Discussion of the point of pleading commences on page 78. Shipman cites Watriss v. Pierce, 36 Ñ. H. 236.
Andrews does not cite Watriss v. Pierce.
Shipman cites ten cases not cited by Andrews.
Andrews cites seven cases not cited by Shipman.
See Clark’s affidavit, 13.
19.
Spruck v. Forsythe, 40 Ill. 440 Ship. 456, n. 24
for
Spurck v. Forsyth, 40 Ill. 438 Andr. 386, n. 1
Errors. 440 for 438.
Spruck for Spurck.
Forsythe for Forsyth.
Explanation. Report commences on page 438.
Opinion commences on page 439.
Discussion of the point of pleading commences on page 440. Shipman cites Watriss v. Pierce, 36 N. H. 236.
Andrews does not cite Watriss v. Pierce.
Shipman cites ten cases not cited by Andrews.
Andrews cites seven cases not cited by Shipman.
See Clark’s affidavit, 13.
20.
Dyett v. Pendleton, 8 Conn. 728 Ship. 456, n. 24
for
Dyett v. Pendleton, 8 Cow. 728 Andr. 3S6, n. 1
Error. Conn, for Cow.
Explanation. Correct citation is 727.
Shipman cites ten cases not cited by Andrews.
Andrews cites seven cases not cited by Shipman.
See Clark’s affidavit, 13.
21.
*395 Piercy v. Sabin, 10 Cal. 27Ship. 499, n. 39
for
Piercy v. Sabin, 10 Cal. 22Andr. 430, n. 3
Error. 27 for 22.
Explanation. Report commences on page 22.
Opinion commences on page 26.
Discussion of the pleadings commences on page 27.
Cited 27 in People v. McCumber, 72 Am. Dec. 515.
Andrews cites v. 72 Am. Dec. 515.
Andrews (n. i.) cites Sade v. Drake, Hob. 295.
Shipman cites Slade v. Drake, Hob. 295.
Citation should be Slade v. Drake.
Andrews (n. i.) cites Smith v. Yeomans, 1 Saund. 316.
Shipman cites Smith v. Yeomans, 1 Saund. 316, 317.
Andrews cites three cases not cited by Shipman.
See Clark’s affidavit, 13.