NEW-YORK,
October, 1818.

COSTER
v.
WATSON.

there could be no further proceeding in the cause. But the judgment being *revoked* for an error of fact, *dehors* the record, the party will be allowed to proceed *de novo*, from the time when the error in fact began. There is no reason, therefore, for allowing costs in this case.

COSTER <em>against</em> WATSON.

An *attorney*
of this court is
not good bail.

*DEY*, for the plaintiff, moved for an attachment against the sheriff of *New-York*, for not bringing in the body of the defendant, pursuant to the rule entered for that purpose, a copy of which had been duly served on him.

*E. W. King*, contra, objected to the application, on the ground, that the defendant had regularly appeared, by putting in special bail, due notice of which had been given to the plaintiff's attorney.

It was admitted, that special bail had been put in by the defendant ; but which had been *excepted to* by the plaintiff, *on the sole ground that the bail was an attorney of this court.* The counsel for the plaintiff cited 1 *Tidd. K. B. Pr.* 230. 1 *Sellon's Pr.* 161.  1 *Taunt. Rep.* 164.  5 *Johns. Rep.* 230. 8 *Johns. Rep.* 327.

NEW-YORK,
October, 1818.

BAKER
v.
ASHLEY.

*Per Curiam.* It is a general rule of the Court of *K. B.* that no *attorney* of that, or any other court, shall be bail, in any action depending in that court. (1 *Tidd's Pr.* 230.) The same rule prevails, also, in the Court of C. B. (1 *Taunt. Rep.* 164. note.) There appears to be good reason for the rule, and we, therefore, adopt it. The motion is granted.

The counsel for the parties agreed, that the rule should be, that the sheriff put in other sufficient bail, in *four days,* or that an attachment issue against him.

Rule accordingly.