## Case No. 961.

### BANKS et al. v. McDIVITT et al.

[13 Blatchf. 163;[1] 8 O. G. 860.]

Circuit Court, S. D. New York. Oct. 29, 1875.

COPYRIGHT— INFRINGEMENT — COMPILATION FROM ORIGINAL SOURCES—NEW EDITION —PROVISIONAL INJUNCTION.

1. B. took a copyright, in 1871, for the "Rules of Practice of the Supreme Court of the State of New York," and one in 1874 for the "General Rules of Practice of the Courts of Record of the State of New York." The book of 1871 contained the rules adopted by the judges under the authority of a state statute, in 1870, with notes to each rule, stating the substance of the decisions of the courts in regard to such rule, giving the volumes and pages of the reports. The book of 1874 contained like rules adopted in 1874, with like notes. By law, the judges were required to revise the rules every two years. M. published in 1875 a book containing the rules adopted in 1874, with notes to each rule, referring only to the volume and page of the reports of decisions in regard to such rule. M., in compiling his book, copied the citations in B.'s book of 1874, and supplemented them by citations from B.'s book of 1871, and by results of his own research. In a large majority of the notes in M.'s book, the citations were the same, and placed in the same order, as in B.'s book of 1874: *Held*, that M. had infringed B.'s copyright of 1874.

[Cited in Johnson v. Donaldson, 3 Fed. 25.]

2. Compilers of books which contain facts derived from common sources of information, must investigate for themselves from the original sources which are open to all persons, and cannot use the labors of a previous compiler, animo furandi, and the subsequent compiler cannot save his own time by copying the results of the previous compiler's study, although the same results could have been obtained by independent labor.

[Cited in Johnson v. Donaldson, 3 Fed. 25.]

3. The publication by B. of the rules of 1874, with appropriate notes, was not the publication of a new edition of the rules of 1871, within the statute requiring certain words in regard to the copyright to be inserted in the several copies of every edition of a copyrighted book.

4. Where an infringement is palpable, and a provisional injunction will not be attended with serious injury, such injunction is not ordinarily refused as to so much of the work as is a plain infringement of the prior publication.

[In equity. Bill by David Banks and others against John R. McDivitt and others for a

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

provisional injunction restraining an infringement of copyright. Injunction granted.]

Elbert E. Anderson, for plaintiffs.
Reed & Drake, for defendants.

SHIPMAN, District Judge. The plaintiffs are the proprietors of a book which was published in 1871, entitled, "Rules of Practice of the Supreme Court. of the State of New York," &c., and are also proprietors of a book which was published in the year 1874, entitled, "General Rules of Practice of the Courts of Record of the State of New York." All the requirements of the statutes of the United States in regard to copyright have been complied with by the plaintiffs in respect to each of these books. The book which was published in 1871 contains the rules of practice which were adopted in general session of the justices and judges of the state of New York, on December 20th and 21st, 1870, with notes appended to each rule. The notes briefly state the substance of the decisions which had been made by the courts of New York in reference to the rules to which the notes are respectively appended, give the number and page of the volume in which the decision is to be found, and in like manner refer to the volume and page of the statutes which relate to the rule. A convention of justices and judges is required to be held biennially, to revise, alter, abolish and make rules which shall be binding upon courts of record in the state. The book which was published in 1874 contains the rules of practice which were adopted in the convention of the justices and judges on November 24th, 1874, and which took effect on February 1st, 1875, and also contains notes and references upon the plan of the book of 1871, but upon a much larger scale, the book of 1871 having seventy pages, while the book of 1874 is of one hundred and twenty pages. The plaintiffs published a similar volume in 1858.

In the year 1875, the defendants published a book entitled, "New Rules of the Courts, General and Special, 1875," &c. This volume contains the rules which had been adopted by the judges on November 24th, 1874, with notes appended to each rule, which notes refer only to the volume and page of the various statutes and reports of decisions which relate to the rule. The book also has an index of the general rules, and contains the special rules of the supreme and other courts of the state.

The plaintiffs brought, in February, 1875, a bill in equity, alleging that the introduction, the notes, and the index of the defendants' book were copied from the plaintiffs' book of 1874, in violation of the rights secured to them by the acts of the United States respecting copyright, and praying for an injunction, and also filed a motion for a provisional injunction. This motion has been heard, and is the only part of the case which is now to be decided. The plaintiffs do not claim that they have acquired any title to the rules, which are admitted to be common property, neither do they assert that there is anything novel in the plan, or system, or arrangement of their compilation, or of their index. The notes are mainly a digest of the decisions of the courts of New York and of the statutes of the state. The volumes which contain the decisions and the statutes are sources of information which are common and open to all, and to which each compiler can resort. But the plaintiffs complain that the defendants have not availed themselves of the original sources of information, but have resorted to the labor-saving expedient of copying the citations which the research of the plaintiffs had discovered, and that such a use of the labors of an author or compiler is an unauthorized violation of the rights which are secured by the acts of congress.

The rights and duties of compilers of books which are not original in their character, but are compilations of facts from common and universal sources of information, of which books, directories, maps, guide books, road books, statistical tables and digests are the most familiar examples, are well settled. No compiler of such a book has a monopoly of the subject of which the book treats. Any other person is permitted to enter that department of literature and make a similar book. But, the subsequent investigator must investigate for himself, from the original sources which are open to all. He cannot use the labors of a previous compiler, animo furandi, and save his own time by copying the results of the previous compiler's study, although the same results could have been attained by independent labor. The compiler of a digest, a road book, a directory, or a map can search and survey for himself in the fields which all laborers are permitted to occupy, but cannot adopt as his own the products of another's toil. "He may work on the same original materials, but he cannot exclusively and evasively use those already collected and embodied by the skill and industry and expenditures of another." 2 Story, Eq. Jur. § 940. The rights of compilers of this class of works have been recently carefully considered by Sir W. Page Wood, vice-chancellor, in the cases of Jarrold v. Houlston, 3 Kay & J. 708; Kelly v. Morris, L. R. 1 Eq. Cas. 697, and Scott v. Stanford, L. R. 3 Eq. Cas. 718, and the rule which I have stated has been reaffirmed. In the case of Kelly v. Morris, the learned vice-chancellor says: "In the case of a dictionary, map, guide book, or directory, when there are certain common objects of information, which must, if described correctly, be described in the same words, a subsequent compiler is bound to set about doing for himself that which the first compiler has done." The rule is recognized or stated in Hogg v. Kirby, 8 Ves. 215;

Matthewson v. Stockdale, 12 Ves. 270; Longman v. Winchester, 16 Ves. 269; Wilkins v. Aikin, 17 Ves. 422; Lewis v. Fullarton, 2 Beav. 6; Hotten v. Arthur, 1 Hem. & M. 603; Gray v. Russell, [Case No. 5,728;] Folsom v. Marsh, [Id. 4,901;] Emerson v. Davies, [Id. 4,436;] and Curt. Copyr. 174–177. I do not understand that the rule prohibits an examination of previous works by the compiler before he has finished his own book, or the mere obtaining of ideas from such previous works, but it does prohibit a use of any part of the previous book, animo furandi, "with an intention to take for the purpose of saving himself labor." Jarrold v. Houlston, 3 Kay & J. 708.

A careful inspection of the plaintiffs' books of 1858, 1871, and 1874, and of the defendants' book, and of Lansing's Code and Rules, published by the plaintiffs, to which my attention has been directed by the defendants' counsel, has led me to the conviction, that the general course which was adopted by the compiler of the defendants' book, was to copy the citations in the plaintiffs' book of 1874, and, if necessary, to supplement them with other citations in the book of 1871, and with references which his own research had discovered; but his chief original source of information was the plaintiffs' book of 1874. The conclusion that he copied these citations, in the first instance, from the plaintiffs' compilation, is derived from the fact, that, in a large majority of the notes, the citations are not only the same which are given in the plaintiffs' book of 1874, but are placed in precisely the same order in which they were arranged by the plaintiffs. This peculiarity is manifested throughout the defendants' book. It is noticeable in the notes which are appended to nearly all of the ninety-seven rules, other than those which follow rules 20, 22, 33, 35, 37, 43, 45, 47, 51, 53, 56, 58, 61, 63, 66, 68, 69, 71, 72, 77, 78, 82, 85, 86, 87, 88, 92, 93, 94, 96, and 97. Thus, the citations under rule 7 are, "Rule 7, of 1871, amended; 2 How. 154; 1 Code R. 119; 3 How. 276; 1 Code R. 42; 5 Paige, 83; 4 do. 140." The citations under rule 8 are, "Rule 5, of 1858, amended; Rule 8, of 1871, amended; Code, sects. 193 to 197; 4 Bosw. 632; 1 Wend. 35; 2 East, 181; 1 H. Blk. 76; note at 7 Abb. 73; 15 John. 535; 20 John. 129; 1 Chitt. 713; 2 W. Blk. 799; 2 Strange, 889." These citations are the same as those which are contained in the plaintiffs' book, and are placed in the same order in each compilation. There are, in the defendants' book, under the 18th rule, sixty-two citations of decisions, all but one of which are the same, and are in the same order, as those which are contained in the plaintiffs' book of 1874. It is impossible to suppose that the defendants could, by accident, have placed their references in the exact order in which they are found in the plaintiffs' book. The inference is irresistible, that the plaintiffs' book was first resorted to for the purpose of saving the time and labor which must otherwise have been spent in an original examination of the reports. I presume that the defendants' compiler subsequently examined the reports, in order to verify the accuracy of the citations, and to conceal the errors which he may have found, and that he did correct errors; and it is apparent, that, in many instances, he added citations which his own investigations discovered; but, it is manifest, that he was, to a large extent, in the first instance, a copyist of the labor of the plaintiffs. He states, indeed, in his affidavit, that his notes and references were principally taken from the plaintiffs' books of 1858 and of 1871, and from Lansing's Code and Rules, published by the plaintiffs in 1872, but thinks that he did not draw materially from the plaintiffs' book of 1874.

The defendants' index, of ten pages, is almost a reprint of the plaintiffs' index, except that the former refers to the rule, instead of the page. This fact is not denied in the affidavit of the defendants' compiler, and an examination shows that his index was almost exclusively made with the scissors, and not with the pen. Three sentences of the plaintiff's introduction are also substantially found in the corresponding portion of the defendants' book; but I do not deem this resemblance to be important.

It follows, that the principle of law which I have stated has been violated, and that the plaintiffs are entitled to relief, unless they are debarred from any remedy by some other principle which may be invoked by the defendants. They insist, in this part of the case, that the provisions of the copyright act, which are now contained in section 4962 of the Revised Statutes of 1874, have not been regarded by the plaintiffs. This section provides, that no person shall maintain an action for the infringement of his copyright, unless he shall give notice thereof, by inserting in the several copies of every edition published, on the title-page, or the page immediately following, if it be a book, * * * the following words, "Entered according to act of congress, in the year    , by A. B., in the office of the librarian of congress, at Washington." The proper page of the book of 1874 contained the entry, "Entered, &c., in the year 1874," but did not also contain the announcement that a previous edition had been entered in the year 1871; and it is contended, that, inasmuch as the book called "Rules of 1874" is another edition of the "Rules of 1871," the non-entry in the book of 1874 of the fact that the book of 1871 was entered, has destroyed the right to any action for an infringement. It is not necessary to consider the consequence of a non-compliance with this section in each edition of a book, for, I am of the opinion that a publication of the rules of 1874, with appropriate notes, is not a subsequent edition of the rules of 1871. The statute of New York provides that a convention of justices

and chief judges shall be held at the capitol in the city of Albany, on the first Wednesday of August, 1870, and every two years thereafter, and such convention shall revise, alter, abolish, and make rules, which shall be binding upon all courts of record, so far as they may be applicable to the practice thereof. The rules of 1874 were adopted in pursuance of this statute, on November 24th, 1874, and were ordered to commence and take effect on February 1st, 1875, and were a new and revised set of rules. New rules had been added and old rules had been amended. They were virtually new rules of the courts, which were to take effect on an appointed day, and the publication of the plaintiffs was in no proper sense a new edition of the rules of 1871. [An "edition" is defined to be "a republication, sometimes with revision and correction; any publication of a book before published." Webst. Dict. The book entitled "The Rules of 1874" was not a republication or a publication of "The Rules of 1871."] [2]

It is also suggested that the plaintiffs are not entitled to protection, because they are also infringers of previous publications of like character. I have not been referred to any book which they have infringed, except the Rules of Practice published by W. C. Little & Co., in 1858, and, from my examination of this book, I cannot perceive that the plaintiffs have made any unjustifiable use of it.

Where an infringement is palpable, and a provisional injunction will not be attended with serious injury, it is not ordinarily refused, as to so much of the work as is a plain infringement of the prior publication. Let a provisional injunction issue restraining the defendants from the sale of any volumes or books which contain the notes which are appended to the "New or Revised Rules of 1875," other than the notes to rules 20, 22, 33, 35, 37, 43, 45, 47, 51, 53, 56, 58, 61, 63, 66, 68, 69, 71, 72, 77, 78, 82, 85, 86, 87, 88, 92, 93, 94, 96, and 97, and which contain the index now printed in said book.