## COLLIERY ENGINEER CO. v. EWALD et al.

### (Circuit Court, S. D. New York. August 5, 1903.)

**1. Copyright—Infringement—Violation of Injunction.**

Defendants were enjoined from the further publication of certain educational text-books copied literally from prior copyrighted publications of complainant, which were themselves largely compiled from older works. Subsequently defendants took the infringing books and compared them with the authorities from which complainant's compilations were made, striking out the portions which were not there found, and republishing the remainder in a new edition. *Held*, that such use of the infringing publication was within defendants' rights, and that they were not chargeable with a violation of the injunction.

On Motion to Punish for Contempt.

Gifford & Bull, for complainant.
Edwin C. Dusenbury and Roger Foster, for defendants.

LACOMBE, Circuit Judge. In view of the recent decision of the Court of Appeals in Edward Thompson Company v. Cyclopedia of Law and Procedure (C. C. A.) 122 Fed. 922, this motion to punish for contempt must be denied.

Motion for Reargument of Application to Punish for Contempt in Alleged Disobedience of Injunction Order.

### (October 9, 1903.)

It would seem that all books which are not purely literary—that is, are not works of creative or imaginative literature, but merely compilations of statements found elsewhere—should be treated alike in applying the principles of the law of copyright. Legal digests, such educational books as we have here, algebras, arithmetics, etc., statistical yearbooks, directories, gazetteers, business or social registers, are all produced by the same methods, and the use of a skill that is merely clerical. I do not understand that this proposition is a novel one, and should have so held had there been no opinion delivered in Edward Thompson Co. v. American Law Book Company (C. C.) 121 Fed. 907. What I understand has been done in the case at bar is this: Complainant, by its employés, compiled an arithmetic (to

take a single example) principally from earlier books, with some little new matter, mainly in the shape of new examples and illustrations. This was copied bodily, without new independent research of the authorities, and published. Suit was brought, and further publication of the infringing book restrained by injunction. Thereupon defendants (one or more of them) took the infringing book, and compared it with the authorities from which complainant compiled its original book. Where text or example was found in the earlier books, it was marked for retention; all else was struck out, and what was left is the new publication now complained of. It would seem that under the rule laid down in West Pub. Co. v. Lawyers' Co-operative Co., 79 Fed. 756, 25 C. C. A. 648, 35 L. R. A. 400, this was an improper use to make of the original infringement.

In Moffatt v. Gill, 86 Law Times Rep. 405, the court said:

"You cannot, where another man has compiled a directory, simply take his sheets, and reprint them as your own, but you are entitled, taking the sheets with you, to go and see whether the existing facts concur with the description in the sheets, and if you do that you may publish the result as your own."

The case cited is not controlling upon this court, and, if I were to decide the original motion here without some stronger authority, I should not follow it, because the results which follow from it are most inequitable. A., we may assume, prepares an entirely new classified business directory of the city of New York, wholly from original investigation, and publishes the same. The undertaking is an enormous one, and can be accomplished only by the employment of hundreds of men at the cost of thousands of dollars. B. undertakes thereafter to publish a directory of all the architects in New York City. To cull their names out of the world of business activity in such a hive of industry as this by original research would be a task nearly as difficult and costly as the one A. undertook. But if defendant could take only the list of architects found in A.'s book, and then visit the places named therein to "see whether the existing facts concur with the description," retaining the name, address, names of partners, etc., where such concurrence was found, and striking them out where death, removal, or withdrawal from business had eliminated them, B. could prepare a "Directory of Architects in New York City" at a merely trifling expenditure of time and trouble, because A. had already done the work which B. thus appropriated. Nevertheless, under Moffatt v. Gill, he could do just this without offense. This is a harsh rule; but it may well be urged that the adoption of any other would, on the whole, tend unduly to hamper subsequent compilers, and be contrary to public policy.

It is thought that in the recent decision in Edward Thompson Co. v. American Law Book Co. the Court of Appeals in this Circuit has approved the rule laid down in Moffatt v. Gill. For that reason the conclusion is reached that the defendants have done only what they were entitled to do; since it is all the same whether they went through the process of elimination and retention with complainant's original publication or with a Chinese copy thereof.

The motion is denied.