### DUN et al. v. INTERNATIONAL MERCANTILE AGENCY.

(Circuit Court, S. D. New York. December 19, 1903.)

1. **PUBLICATIONS—LAWFUL USE.**
   Defendant's use of plaintiff's credit book for the purpose of discovering names of individuals, firms, and corporations engaged in business, to be inserted in defendant's publication which it was preparing, was not such an unfair use of complainant's book as to entitle complainant to an injunction pendente lite.

2. **SAME—RATINGS—APPROPRIATION—AFFIDAVITS—CONFLICTING EVIDENCE.**
   Where, in a suit to restrain defendant from using complainant's credit publication, complainant insisted that defendant had appropriated complainant's ratings as well as the names of persons appearing in complainant's book, but on such issue the affidavits were conflicting, an injunction pendente lite restraining defendant's use of complainant's book would not be granted.

On Motion for Preliminary Injunction.

Austen G. Fox, for the motion.
Arthur H. Masten, opposed.

LACOMBE, Circuit Judge. It is not disputed that defendant made use of complainant's book in preparing its own publications. Thanks to such use, it discovered the names of individuals, firms, and corporations engaged in business, and therefore desirable for inclusion in its book, which names had apparently not been discovered by the investigations of defendant's own canvassers, nor found in some other publication. The names thus obtained from complainant's book aggregated certainly hundreds, possibly thousands. Was this an unfair use of the complainant's book? Had this question been presented to this court a year ago, the answer might not improbably have been in the affirmative. Such use of another's compilation was approved in Moffatt v. Gill, 86 Law Times Rep. 405, but that decision was not controlling here, and for reasons assigned in Colliery Engineer Co. v. Ewald (C. C. S. D. N. Y., Oct. 9, 1903) 126 Fed. 843, it was thought that its conclusions were harsh and inequitable. Nevertheless,

propositions which work hardship to the individual are sometimes sustained on grounds of public policy, and the opinion of the Court of Appeals of this circuit in Thompson Co. v. American Law Book Co. (July, 1903; C. C. A.) 122 Fed. 922, expressly approves the doctrine of Moffatt v. Gill. In view of that decision, which is of course controlling here, injunction cannot be granted upon the undisputed facts.

The complainant, however, insists that his book has been used by defendant for the purpose of appropriating ratings, instead of determining such ratings from independent investigations. Upon this branch of the case the testimony is not undisputed. It is shown that some of the affiants have made, under oath, statements so inconsistent with those they now swear to that great caution should be used in accepting any part of their narratives. Other statements made in the moving affidavits are denied in defendant's affidavits, and the case is one which apparently cannot fairly be decided upon ex parte affidavits—the conflicting affiants should be cross-examined. It is not unusual in such cases to send the motion to a master, to take testimony, but nothing would be gained thereby in this case. The testimony which would be produced before the master is the very same testimony which would be produced on final hearing, and it would consume as much time to take it in either way. Moreover, the question had best be decided at a hearing, where both sides have equal chance to appeal.

The motion for injunction pendente lite is denied.