### DUN et al. v. LUMBERMEN'S CREDIT ASS'N et al.

(Circuit Court of Appeals, Seventh Circuit. January 9, 1906.)

#### No. 1,178.

1. COPYRIGHT—INFRINGEMENT—UNFAIR USE OF PUBLICATION.

The use of a complainant's copyrighted publication giving capital and credit ratings of business men generally by defendant, which published a similar book giving capital and credit ratings only with respect to the lumber trade, merely for the purpose of checking names which defendant had for any reason failed to get, or in a few cases to compare ratings where there was reason to question the accuracy of those obtained by defendant, the facts published by defendant having in every case been obtained by independent investigation, was a fair use, and not an infringement of the copyright.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, §§ 52-57.]

2. SAME—GROUNDS FOR INJUNCTION—INSIGNIFICANT INFRINGEMENT.

A court of equity will not enjoin the publication or sale of a credit rating book containing many thousands of names, as an infringement of complainant's copyright, because defendant's agents or correspondents may in a very few cases have made an improper use of complainant's publication, but will remit complainant to his remedy at law.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

John O'Connor, for appellant.

Frank B. Pease and Fred H. Atwood, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. For nearly half a century appellants have been publishing quarterly a reference book of capital and credit ratings of business men generally. For nearly 30 years appellees have been publishing semiannually a reference book of capital and habits-of-pay ratings of men engaged in businesses connected with the manufacture, sale, or use of lumber.

Appellants' bill for injunction charged that their copyrighted editions of March, July, and September, 1901, were pirated by appellees in preparing their editions of July, 1901, and January, 1902. The Circuit Court dismissed the bill on the ground that purloining was not shown to an extent that would justify an injunction.

Appellees claim that they used the Dun book only to check names to see if there were any persons concerning whom they had not already obtained information by independent investigation, and to compare Dun ratings in about one case in a hundred with their latest information which indicated a marked change from former ratings; and that in every instance the material in their publication was obtained by their own labors in independent investigation. If such was the case, the use was fair. Drone on Copyright, p. 396; Edward Thompson Co. v. American Law Book Co., 122 Fed. 922, 59 C. C. A. 148, 62 L. R. A. 607; Dun v. International Mercantile Agency (C. C.) 127 Fed. 173.

The question is one of fact, to be solved by a study of the evidence. From our examination we concur in the conclusion of the Circuit Court. The large features are that appellees' book of about 60,000 names contains over 16,000 (and over 400 towns) that are not in Dun's; that of the names in common only about 15 per cent. have similar capital ratings; that of the names of similar capital ratings a large proportion are classified differently respecting the particular businesses; and that six times as many different classes of information are given in appellees' book as in Dun's. On every page of appellees' book the names that are not given in Dun's and the names regarding which the information does not exceed or substantially vary from that given in Dun's, bear the relation of three to one. These features are an ocular confirmation of appellees' testimony regarding the long continued, elaborate and comprehensive system of obtaining independent information. It is futile to claim that such a system, producing 25 per cent. more names than Dun, and six times as many subjects of information concerning the persons named, is kept up at great expense merely as a cloak. It may be that the evidence would require a finding that with respect to a few names an improper use of Dun's book was made by an agent or correspondent of appellees. But the proportion is so insignificant compared with the injury from stopping appellees' use of their enor-

mous volume of independently acquired information, that an injunction would be unconscionable. In such cases the copyright owner should be remitted to his remedy at law. Drone on Copyright, p, 413; Mead v. West Pub. Co. (C. C.) 80 Fed. 380.

The answer charged that Dun pirated information from appellees. The decree, after finding that appellants had not proved the allegations of their bill, records that the facts set forth in the answer are true. As there was no proof whatever in support of the recited allegation, the finding in the decree that the facts alleged in the answer are true should be excised. And it is so ordered.

The decree as modified is affirmed.