**BROADWAY MUSIC CORPORATION v. F-R PUB. CORPORATION.**

District Court, S. D. New York.
Feb. 15, 1940.

Wattenberg & Wattenberg, of New York City (Sidney W. Wattenberg and Harold W. Tepfer, both of New York City, of counsel), for complainant.

Greenbaum, Wolff & Ernst, of New York City (Alexander Lindey and Harriet F. Pilpel, both of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion to dismiss the plaintiff's complaint, which seeks damages for an alleged copyright infringement.

It appears that the plaintiff is the owner of the copyright of the song "Poor Pauline", which was published in 1914, contemporary with the motion picture serial "Perils of Pauline". The weekly magazine, "The New Yorker", which the de-

fendant publishes, in its August 13, 1938, issue, carried an article on the death of Pearl White in Paris, in which the following appeared under the title "The Talk of the Town":

"The death of Pearl White in Paris made us think of a song everybody sang when we were thirteen and 'The Perils of Pauline' was being shown every week at the Nemo Theater, on Broadway and 110th Street. As nearly as we can remember it, the chorus went:

"Poor Pauline, I pity poor Pauline!
One night she's drifting out to sea,
Then they tie her to a tree,
I wonder what the end will be,
This suspense is awful!
Bing! Bang! Biff! They throw her o'er the cliff,
They dynamite her in a submarine.
In the lion's den she sits with fright,
The lion goes to take a bite—
Zip, goes the fillum!—Good night!
Poor Pauline!

"There was another chorus—something about how they try to feed her up on Paris green, but
"Of course, her horse
Cries "Nay, nay, nay, Pauline!"

"We forget the rest. As 1940 creeps on, it often seems to us that we have forgotten practically everything of any importance."

The plaintiff claims thereby an infringement of its copyright on "Poor Pauline". The defendant contends that there is no infringement, and that the incidental, illustrative and fragmentary use made by the "New Yorker" is a "fair use" allowed by law.

Neither attorney has called to my attention any decisions involving facts similar to this controversy, except the case of Shapiro Bernstein & Co. v. P. F. Collier et ano.[1] (decided 1934, S.D.N.Y.). This case came on before Frank J. Coleman, United States District Judge, and later an opinion was written by Judge Goddard of this Court. While the facts in that case are somewhat dissimilar to the facts found in this case, inasmuch as the use of the copyrighted song was more fragmentary there, nevertheless it seems to me the principle laid down in that case applies to the case at bar. As in the Bernstein case there is no issue of similarity involved. There is

no question but that the defendant used the chorus of the song "Poor Pauline".

In the Bernstein case Judge Goddard pointed out generally some of the tests to be applied: (1) The extent and relative value of the extracts; (2) the purpose and whether the quoted portions might be used as a substitute for the original work; (3) the effect upon the distribution and objects of the original work.

Applying these tests, I have come to the conclusion that in publishing the portion of the song "Poor Pauline", there was no infringement, and that the publication was a "fair use" and permissible and not contrary to law.

Certainly there was no intent to commit an infringement; although intent was not necessary, it goes to fill out the whole picture. The article was a news item of interest to a large number of people who in the past had seen Pearl White in the "Perils of Pauline". It solely related to an event which had occurred shortly prior thereto, to wit: the death of Pearl White. The publication of part of the song "Poor Pauline" was only incidental.

When the song was written, Pearl White was a noted motion-picture actress, the star of the picture "Perils of Pauline". She became famous and the song became popular, and the general public associated the song with her. Therefore, when she passed away, it seems to me, a fair comment in connection with her passing, to refer to the song and perhaps print part of it.

True the defendant could very well have commented on the passing of Pearl White without any use of this song, and no doubt reference to the song made the article more attractive, but the whole news article, with the song included, was nothing more than an epitaph for the dead actress, an epitaph that would be recalled by thousands of Americans.

There was no music published with the chorus of the song, and I doubt very much if anyone could complain that the defendant's use impaired the value of the copyrighted song, or that the part published could be used for plaintiff's copyrighted song.

I cannot conclude that the publication of the chorus of plaintiff's copyrighted song by the defendant, in the manner aforesaid, has in any way harmed or seriously affected the distribution of plaintiff's song.

---

[1] No opinion for publication.

By and large, applying the tests above set forth, I find the defendant's quotation from plaintiff's song does not go beyond the limit of "fair use".

Complaint dismissed. Settle order on notice.