**KARLL v. CURTIS· PUB. CO.**

**No. 520.**

District Court, E. D. Wisconsin.

July 2, 1941.

Robert A. Hess, of Milwaukee, Wis., for plaintiff.

Miller, Mack & Fairchild, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a motion to dismiss the plaintiff's complaint which seeks damages for an alleged infringement of a copyrighted song. The plaintiff is the owner of the copyright of the song, "Go! You Packers Go!" It is described as the "official song" and dedicated to the Green Bay Packers, a professional football team of national reputation. The verses and the chorus are designed to be sung according to the music, and intended for use at football games whereat the Green Bay Packers are one of the contesting teams.

The alleged infringing article, entitled "Little Town That Leads 'Em", appeared in the "Saturday Evening Post" of November 30, 1940. It was illustrated by four good-sized photographs, and altogether took up about four pages of the November 30 issue.

The article containing the alleged infringement, as printed in the "Post", is attached to the complaint and is before the court. An examination thereof discloses that it is primarily an article boosting the Green Bay Packers and some of the players. A description is given of the manner in which the Packer organization was formed, largely through the instrumentality of Curly Lambeau. It describes how Lambeau played with. Knute Rockne; then narrates the gradual development of the team and of pro-football. It then relates the hard times which followed the team in 1930–31; the severe financial reverses; the collapse of the bleachers and the judgment for damages resulting from the injuries persons suffered therefrom, which in turn was followed by the failure of the insurance company, and then by the receivership of the Packer organization. The author then narrates the spirit that kept the Packer team a going concern, and tells how a Green Bay attorney subscribed money and made an offer of cash for each touchdown and of an overcoat for the outstanding player. About two-thirds of the way through the article, the following appears:

"During that depressing period, Eric Karll, a Packer fan from Milwaukee, decided to do his bit to lift the spirit of the

downhearted fans. Karll, a musician, wrote an official Packer song. And, today, when the band strikes up, the fans still join in the chorus:

"Go, you Packers, go and get 'em;
Go, you fighting fools, upset 'em;
Smash that line with all your might,
A touchdown, Packers, fight, fight, fight.
Fight on, you green and gold, to glory;
Win this game, the same old story.
Fight, you Packers, fight,
And bring the bacon home to old Green
    Bay."

The article then discloses how there were several more years in which difficult times were encountered, but finally in 1936 the national professional football championship returned to Green Bay. The balance of the article is largely a tribute to Curly Lambeau, to individual stars, and to the team spirit and loyalty.

It is admitted that no permission was received from the copyright owner to publish the chorus of his song in the manner indicated. However, the defendant contends that the incidental use of the eight lines of the song was a fair use, and therefore not an infringement.

It is well established that a "fair use" may be made of a copyrighted article. In that respect an owner of a copyright is in a different position than an owner of a patent.

" * * * One radical difference is that a patent confers an exclusive right to use, * * * whereas a copyright contemplates and permits fair use by all persons of the copyrighted work. * * *" 18 C.J.S., Copyright and Literary Property, § 92, p. 213.

What is or is not a fair use depends upon the circumstances of each particular case.

" * * * the court must look to the nature and objects of the selections made, the quantity and value of the materials used, and the degree in which the use may prejudice the sale, diminish the profits, or supersede the objects of the original work." 18 C.J.S., Copyright and Literary Property, § 94, p. 218.

It will be noted that the author of the article in question acknowledged the authorship of the song, and in fact paid a tribute to him. No question of the originality of the song is here involved. The article in the "Post" containing the eight lines of the chorus was in no manner competitive with the song itself. No music was set forth and it is very difficult to see how the value of the song could in any manner have been diminished by the article in question. Undoubtedly many thousands who read the article became aware for the first time of the existence of a musical composer by the name of Eric Karll.

The reference to the chorus in the "Post" article was purely incidental. It was merely illustrative of the help and assistance given to the Green Bay Packers by its enthusiastic supporters. Taking the article as a whole, the eight lines of the chorus were relatively unimportant. When the plaintiff dedicated the song to the Green Bay Packers, by implication at least he consented to a reasonable use thereof associated with the Packers.

The copyrighted song which is the basis of this action is a musical piece consisting of both music and words. The music is an important element of the copyright. No sale or individual use of the chorus was here involved. The article in the "Saturday Evening Post" was not intended to be a musical reproduction, nor was it related in any way to any musical endeavor. No element of competition was present between the article and the copyrighted song. A case very much in point is Broadway Music Corp. v. F-R Pub. Corp., D.C., 31 F.Supp. 817. On the occasion of the death of the movie actress Pearl White, "The New Yorker" printed the chorus of a copyrighted song entitled, "Poor Pauline". The article consisted of twenty-six lines; fifty percent of the entire article was devoted to the chorus from the song. The court in that case granted the motion to dismiss the complaint on the ground that the use of the song was a fair use and was purely incidental and illustrative.

The rule is well stated in 18 C.J.S., Copyright and Literary Property § 94, subd. c., (3), p. 219: " * * * Nevertheless the cases frequently lay stress on the fact of competition, or the lack of it, in determining whether the amount of matter copied is reasonable in amount and character or is an infringement, and it is safe to say that where the later work differs greatly in nature, scope, and purpose from

the original, a larger liberty in making quotations and extracts will be permitted than in cases where the respective works are more or less competitive."

It is my opinion that the use of the chorus in question, under the circumstances present, was purely incidental and a fair use. The motion to dismiss the complaint will be granted.