## ADVERTISERS EXCHANGE, Inc., v. ANDERSON.

### No. 46.

District Court, S. D. Iowa, S. D.

Nov. 10, 1943.

---

810

E. L. Carroll, of Creston, Iowa, for plaintiff.

Kenneth H. Davenport, of Creston, Iowa, for defendant.

DEWEY, District Judge.

The descriptive facts are not greatly in dispute.

On October 20, 1939, the parties entered into a written contract whereby the defendant leased the right to use plaintiff's advertising materials locally at Mt. Ayr, Iowa. The contract was terminated October 31, 1940.

Plaintiff produced monthly releases to lessees containing suggested advertisements consisting of pictorial illustrations and advertising copy, any of which the defendant was entitled to use while the contract was in force. Plaintiff furnished matrices for selected advertising matter contained in the releases.

Plaintiff obtained a copyright certificate on each of its releases described in the certificate as a "Manual for Beauty Advertising and Merchandising." Only the manual was copyrighted. On each page of each manual appeared the words "Copyrighted (date) Advertisers Exchange, Inc.," and on each suggested advertisement in the manual appeared the words—"(C) Advertisers Exchange Inc. (date)".

After the expiration of the contract referred to, the defendant used on six occasions in the Mt. Ayr "Record" advertisements suggested in said manuals or so nearly similar as to amount to a reproduction of the suggested advertisements.

The complaint is in six counts alleging a violation of the copyright law by using certain suggested advertisements from its manuals, specified in the complaint as one from Vol. 3, No. 9, one from Vol. 4, No. 9, one from Vol. 3, No. 12, and three from Vol. 3, No. 10.

The title page on each of the first three books or manuals contained the words "Copyrighted (date) Advertisers Exchange, Inc.," but there was no title page on what is referred to in the complaint as Vol. 3, No. 10.

The application for registration specified and classed the manuals as being "books" and the complaint here is based upon a violation of this copyright. No application was made for registration of the separate suggested advertisements in the book, nor are they declared upon in the complaint.

The six alleged violations were prints from matrices which had been formerly sent to the defendant in compliance with, and during the term of, the contract, and were in effect reproductions. These matrices did not contain the statutory notice required for books, but did contain the legend—"(C) Advertisers Exchange, Inc. (date)."—(permitted by the statute on works of art). This legend appeared on each of the matrices which were introduced at the trial as being identical copies with those furnished to the defendant for use by the local paper, but in the printed suggested advertisements contained in the manuals many were illegible except as to the larger sizes. See New York Life Ins. Co. v. Wolf, 8 Cir., 85 F.2d 162, 164.

## Opinion.

From the above it is apparent that the plaintiff did not comply with the statute in preserving its copyright on the suggested advertisements. None of the matrices which were furnished by the plaintiff and permitted to be used by the defendant contained the word "copyright" or its abbreviation. While the advertisements may have contained the legend above referred to, there was no attempt on the part of the plaintiff to register, and no claim made in this case of any preservation of, the rights of copyright by reason of the advertisements being works of art.

The defendant has raised several technical questions to show that the copyright law had not been violated, but I am satisfied that the showing that the plaintiff had permitted the use of portions of its copyrighted book (the suggested advertisements) without the required copyright notice thereon (which must be used to preserve the copyright in the case of books), is fatal to plaintiff's recovery on any of the counts.

For similar reasons the plaintiff cannot recover on the first three counts of its complaint which are based upon violations of the copyright contained in the book or manual, designated as Volume 3, No. 10. The statute very distinctly in the case of books requires the word "Copyright" to appear on the title page of the book, and there was no title page to Volume 3, No. 10, and hence there could be no preservation of copyright rights to any of the suggested advertisements appearing in No. 10, notwithstanding the fact that the plaintiff had endeavored to preserve its copyright in several ways.

In the application for registration the applicant did not specify a request for a registration certificate on works of art as required by Sec. 5, Title 17, U.S.C.A., but did specify the class as being, and was given a certificate of registration upon, its manuals designated as "books."

To preserve and protect a copyright the applicant must do at least three things: 1st, publish the work with the statutory notice in the manner and form as provided by the statute; 2nd, file thereafter two copies with the Register of Copyrights; and, 3rd, make application for registration for a copyright with said Register.

No action or proceeding in any court can be maintained for an infringement—"until the provisions of this Title (Copyrights) with respect to * * * registration of such work shall have been complied with." Sec. 12, Title 17, U.S.C.A.

Section 5, supra, expressly provides that the application for registration shall specify the class of the work in which a copyright is claimed. As the application did so specify the class as a book, I am convinced that the plaintiff has not protected any copyright for works of art as such which may have been contained in the book, as it made no application and was issued no certificate therefor.

The above conclusions of law are supported by the case of Deward & Rich v. Bristol Savings & Loan Corp., 4 Cir., 120 F.2d 537.

## Findings of Fact.

I find that as to each of the claimed violations of the copyright law, the plaintiff had, prior to its use by the defendant, knowingly permitted the publication of the accused advertisements without proper and necessary statutory notice thereon. And as

## Conclusions of Law.

I find:

1st, that the plaintiff having permitted a publication of the alleged copyrighted articles without statutory notice, released the advertisement for use to the general public, including the defendant, and her subsequent use thereof was lawful.

2nd, I find that plaintiff's petition should be dismissed on its merits with judgment against the plaintiff for costs, and,

3d, the request of the defendant for an allowance of attorney fees permitted by Sec. 40, Title 17, U.S.C.A., being discretionary, is denied by reason of the circumstances appearing herein.

To all of which the plaintiff excepts and to legal conclusion "3d" the defendant excepts.