Austris A. WIHTOL, doing business as Kalmin, Mohr & Apsit, and Elly L. Wihtol, doing business as the Kama Co., Plaintiffs,

v.

Nelson E. CROW, First Methodist Church of Clarinda, Iowa, Clarinda Iowa School District, Does I–V, Defendants.

Civ. No. 4–1161.

United States District Court
S. D. Iowa,
Central Division.

Nov. 22, 1961.

Melville B. Nimmer, Nimmer & Selvin, Beverly Hills, Cal., and Clarence Cosson, Cosson, Stevens, Hauge & Cosson, Des Moines, Iowa, for plaintiffs.

Richard G. Davidson, Stipe, Davidson & Hemphill, Clarinda, Iowa, for defendant Nelson E. Crow.

M. M. Dryden, Turner & Dryden, Clarinda, Iowa, and Richard G. Davidson, Clarinda, Iowa, for defendant First Methodist Church of Clarinda, Iowa.

David W. Belin and Richard G. Langdon, Herrick, Langdon, Sandblom & Belin, Des Moines, Iowa, for defendant Clarinda, Iowa, School District.

STEPHENSON, Chief Judge.

This is an action to enjoin infringement of a copyright and for damages arising from the alleged infringement which was tried to the Court.

## Findings of Fact

Plaintiff, Austris A. Wihtol, now doing business as Kalmin, Mohr & Apsit, published a hymn entitled "My God and I" on August 15, 1935, with proper copyright notice thereon and duly registered the same in the United States Copyright Office on September 11, 1935, under registration No. 51621 in Class E. Plaintiffs Austris A. Wihtol and Elly L. Wihtol, doing business under the trade name of The Kama Co., published an extended version of this hymn on March 1, 1944, with proper copyright notice thereon, and thereafter duly registered the same under registration No. 125816 in Class E. Plaintiffs are residents of California. Plaintiffs claim that the defendant, Nelson E. Crow, a resident of Iowa, infringed said copyrights by copying the same, printing, publishing, making arrangements and performances of said copyrighted work. Plaintiffs further contend that the defendant, Nelson E. Crow, was the agent of the defendant, First Methodist Church, Clarinda, Iowa, and was acting within the scope and purpose of said agency and said Crow was also the agent of the defendant Clarinda Iowa School District and was acting within the scope and purpose of said agency. Plaintiffs pray that all defendants be permanently enjoined from infringing plaintiffs' copyrights in any manner and for statutory damages from each defendant.

Defendant, Nelson E. Crow, was head of the vocal department, Clarinda, Iowa Junior College and High School during the school year 1958–59. At this time on file in the library for use of the school were approximately twenty-five copies of the copyrighted published version of "My God and I." Defendant Crow found this version impractical for the average choir so he made a new arrangement. About 48 copies of the new arrangement were made by use of one of the school's duplicating machines. The new arrangement was performed once by the high school choir of 84 voices at one of the regular monthly school chapel services and on one Sunday by the choir of The First Methodist Church of Clarinda, apparently at both the first and second services.

In early June 1959, defendant Crow wrote plaintiff, The Kama Co., advising of his new arrangement of "My God and I" and said: " * * * I will attempt to get the score ready for your perusal next fall * * * if you are interested." The Kama Co. replied by requesting that a copy or several copies be forwarded for inspection. On July 28, 1959, The Kama Co. sent defendant Crow the following letter:

"Dear Mr. Crowe:

"We regret that you did not comply with our request of sending immediately a copy of your score for inspection. Not hearing from you, it was necessary to make investigation, thereby involving expense which could have been avoided and which also impairs the friendly and co-operative atmosphere that should exist between publishers and music users. The plain fact is that you are guilty of Copyright infringement and subject to assessments and penalties that the law imposes on infringers.

"For the preservation of good will for the sake of any future dealings that may come about, we will ask you to comply with the easiest terms possible.

"The copyright law permits us to ask a Statutory Fee, of not more than 5,000 dollars and not less than 250 dollars. For the present, we will be satisfied with the minimum of 250 dollars and will allow you 90 days from this date, for compliance.

"For the present, we will not institute a criminal complaint for Willful Infringement. (maximum penalty—one year in jail and 1,000

dollar fine) because we wish to let you off as easily as possible.

"For the sake of a peaceful and pleasant settlement, please have all of the copies you made delivered to our office in California immediately. The copies are so made that other people can be involved too and very seriously.

"If this matter is amicably settled, in all likelihood, we may have an interesting offer for you for the future.

"Very truly yours,
"The Kama Co.
"P.O. Box 301
"Glendale, Calif.
"/s/ L. Engelhart"

On September 1, 1959, defendant Crow forwarded to Kama Co. all of the copies of his new arrangement of "My God and I" which numbered forty-four. The action herein was commenced January 15, 1960.

■ Defendant Crow contends this Court lacks jurisdiction because diversity is lacking inasmuch as plaintiffs are doing business in the State of Iowa. Jurisdiction is conferred by Section 1400, Title 28 U.S.C. Diversity is not a requisite.

The determinative issue in this case is whether the activity of defendant Crow constituted an infringement of plaintiffs' copyright. Plaintiffs contend that the arrangement made by defendant Crow contained both matter taken from plaintiffs' 1935 copyright and also matter taken from plaintiffs' 1944 copyright (a solo edition of the 1935 copyright) and therefore constituted an infringement of two separate copyrights. Plaintiffs' contention in this regard cannot be sustained, if there was an infringement by defendant Crow, it was of but one, the 1935 copyright.

■ The crucial issue, however, is whether the sum total of defendant Crow's actions in experimenting with the copyrighted song, drawing a new arrangement and testing the same with his school and church choir constituted

such unfair use of plaintiffs' copyrighted work as to amount to an infringement thereof. The Court finds that there was no infringement, that defendant Crow's activity remained within the realm of fair use of plaintiffs' work and did not constitute an infringement.

■ "Fair use may be defined as a privilege in others than the owner of a copyright to use the copyrighted material in a reasonable manner without his consent, notwithstanding the monopoly granted to the owner by the copyright." Ball, Law of Copyright and Literary Property, Sec. 125 (p. 260); Toksvia v. Bruce Publishing Company, 181 F.2d 664 (7 Cir.1950); Loew's Incorporated v. Columbia Broadcasting System, 131 F. Supp. 165, 173–185 (S.D.California 1955).

■ What is or is not fair use depends upon the circumstances of each particular case. In Mathews Conveyor Co. v. Palmer-Bee Co., 135 F.2d 73, 85. (6 Cir. 1943), the Court discusses "Fair Use" as follows:

"Like rules are applicable to the so-called fair use which may be made of copyrighted material, based upon the principle that subsequent workers in the same field are not deprived of all use thereof, as, otherwise, the progress of science and the useful arts would be unduly obstructed. Fair use is to be determined by a consideration of all of the evidence, and among other elements entering into the determination of the issue, are the extent and relative value of copyrighted material, and the effect upon the distribution of objects of the original work. New York Tribune, Inc. v. Otis & Co., D.C.N.Y., 39 F.Supp. 67. Whether a particular use of a copyrighted article, without permission of the owner, is a fair use, depends upon the circumstances of the particular case, and the court must look to the nature and objects of the selections made, the quantity and value of material used, and the degree in which the use may preju-

dice the sale, diminish the profits, or supersede the objects of the original work. Karll v. Curtis Pub. Co., D.C.Wis., 39 F.Supp. 836. As fair use is to be determined by a consideration of all the evidence in the case, so, likewise, is the question of infringement one of fact to be solved by a study of the evidence. Dun et al. v. Lumbermen's Credit Ass'n [7 Cir. 144 F. 83], supra."

■ Intent to infringe is not essential to render the infringer liable for infringement. Johns & Johns Printing Co. v. Paull-Pioneer Music Corp., 102 F.2d 282 (8 Cir.1939). But innocent intention may have a bearing on the question of fair use. New York Tribune, Inc. v. Otis & Co., 39 F.Supp. 67 (S.D.N.York 1941); Karll v. Curtis Publishing Co., 39 F.Supp. 836 (E.D.Wisc.1941); 18 C.J.S. Copyright and Literary Property § 95, p. 220; Ball, Law of Copyright and Literary Property, Sec. 126, pp. 262–265.

In the instant case, defendant Crow who is a choral instructor in the public schools found the copyrighted work impractical for use by the average choir. He made a new arrangement and tested it with his school and church choir and was enthused with his accomplishment. He then wrote the owner of the copyright advising of his new arrangement and inquired if plaintiffs were "interested." Plaintiff Wihtol interpreted this inquiry as an attempt by defendant Crow to make a profit by selling plaintiffs the new arrangement. Defendant Crow maintains that he made the new arrangement "for the furtherance of music education, the advancement of music appreciation and education of my students and choirs involved"; that when he wrote plaintiff company he merely wanted them to have the arrangement he made to complement the copyrighted score; that he had no thought of financial gain.

Regardless of how defendant Crow's letter is interpreted the fact remains that after making and testing the new arrangement, defendant Crow wrote the owners of the copyright advising of his new arrangement and inquired if they were interested. He attempted no use of the new arrangement other than testing and experimentation with the school and church choir. The use of the new arrangement by the school and the church choirs on one occasion was not an infringement. Under all the circumstances the Court finds that defendant Crow made fair use of plaintiffs' copyright and there was no infringement.

■ This finding makes it unnecessary to pass on the contention of the defendant Clarinda Iowa School District that it is exempt and immune from the claim of plaintiffs herein, since in the exercise of its governmental function it is not liable for tort claims. Larsen v. Independent School District, 223 Iowa 691, 272 N.W. 632 (1937); Shirkey v. Keokuk County, 225 Iowa 1159, 275 N.W. 706, 281 N.W. 837 (1938). Under the doctrine of governmental immunity the defendant, Clarinda Iowa School District, cannot be held liable for the copyright infringement alleged herein. Kraft Foods Co. v. Walter Dairy Products, 118 F.Supp. 1 (W.D.Wisconsin 1954); Towle v. Ross, 32 F.Supp. 125 (D.C.Oregon 1940).

Likewise it is unnecessary to pass on the contention of the defendant, First Methodist Church of Clarinda, that there was no performance for profit as contemplated by the copyright act. Title 17 U.S.C. § 1(e). However, the Court fails to see how the experimentation by the defendant Crow with the choirs of defendant Church on one Sunday morning could constitute a performance for profit within the contemplation of the statute.

■ Defendants further contend the Court should deny plaintiffs relief because they fail to come into court with clean hands; that the threats by plaintiff to defendant Crow contained in the letter, Exhibit B–2 heretofore set out, smack of extortion and the plaintiffs are therefore not entitled to relief. The Courts will deny relief where the plaintiff comes into court with unclean hands. Gaye v. Gillis, 167 F.Supp. 416 (D.C. Mass.1958); Seismograph Service Corp.

v. Offshore Raydist, 263 F.2d 5 (5 Cir. 1958). Defendants further assail the perjury of the plaintiff Wihtol in the course of his testimony. Plaintiff Wihtol, in an obvious attempt to gain the sympathy of the Court, testified with tears and emotion concerning the hardship and poverty of his wife and little child when his song was born. The next day under cross examination it developed he had no child at that time and apparently was not then living with his wife. This was not a material matter. However, the Court was not impressed with the sincerity of plaintiff Wihtol's testimony.

The threats of possible criminal prosecution made by the plaintiff Company to defendant, Nelson Crow, in the letter, Exhibit B–2, under the circumstances are scarcely defensible. Plaintiffs are familiar with the copyright law, and well knew criminal sanctions required a willful infringement for profit.[1] The Court has already found there was no infringement. However, plaintiffs' conduct in this regard is a factor to be considered in weighing defendants' request that attorney fees be assessed against the plaintiffs.

The applicable statute, 17 U.S.C. § 116, makes it mandatory for the Court to allow "full costs" to the prevailing party, but the matter of awarding attorney fees as a part of the costs is discretionary. Advertisers Exchange v. Anderson, 144 F.2d 907 (8 Cir.1944) affirming 52 F.Supp. 809 (S.D.Iowa 1943); Metro Associated Services v. Webster City Graphic, Inc., 117 F.Supp. 224 (N.D. Iowa 1953).

Under all the circumstances it appears to the Court that each of the defendants should be awarded an attorney fee of $500. Cloth v. Hyman, 2 Cir., 146 F. Supp. 185.

### Conclusions of Law

1. The Court has jurisdiction of the subject matter.

2. There has been no infringement of plaintiffs' copyright by defendants.

3. Judgment should be entered dismissing plaintiffs' complaint.

4. Defendants should be awarded costs, including to each defendant an attorney's fee of $500.

It is therefore ordered, adjudged and decreed as follows:

Plaintiffs' complaint is hereby dismissed.

It is further ordered that judgment is entered for the defendants for costs, including to each defendant an attorney fee of $500.

---

1. Title 17, "Sec. 104. *Willful infringement for profit*

"Any person who willfully and for profit shall infringe any copyright secured by this title, or who shall knowingly and willfully aid or abet such infringement, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment for not exceeding one year or by a fine of not less than $100 nor more than $1,000, or both, in the discretion of the court: *Provided, however,*

That nothing in this title shall be so construed as to prevent the performance of religious or secular works such as oratorios, cantatas, masses, or octavo choruses by public schools, church choirs, or vocal societies, rented, borrowed, or obtained from some public library, public school, church choir, school choir, or vocal society, provided the performance is given for charitable or educational purposes and not for profit."